AUGUST J. MARTINSON, AS FATHER OF AERIENNE MART-
INSON, A MINOR CHILD, AND AUGUST J.
MARTINSON v. REINHOLD F. NEUBERT
AND OTHERS.[1]

November 10, 1921.

Nos. 22,378, 22,379.

**Negligence of landlord question for jury — poison left in kitchen.**

1. There is evidence that the agent of a flat owner rented a flat to a family with small children and that the owner assumed the obligation of preparing the premises for occupancy. A glass containing poison somewhat resembling water had been left by workmen on the drain board of a kitchen sink, and it remained there when the tenant moved in. Soon after the family entered the premises, one of the children, 18 months old, drank some of the poison from this glass. The question of the owner's negligence was one of fact for the jury.

**Judgment non obstante — effect of joint motion.**

2. Where two defendants, after verdict, jointly move for judgment, their cases must stand or fall together.

Two actions in the district court for Hennepin county, one by the father to recover $20,000 damages for injuries to his minor child, and

[1]Reported in 185 N. W. 651.

the other to recover $7,000 for medical treatment, loss of companionship and services of the child. The cases were tried together before Molyneaux, J., who when plaintiffs rested granted a motion to dismiss the action as to defendant Neubert and at the close of the testimony granted a similar motion in favor of defendant Hauessler, denied motions for directed verdicts in favor of the other defendants, and a jury which returned verdicts for $1,000 and $500 respectively. The motions of defendants June Purchase and Alfred W. Heald for judgment notwithstanding the verdict were granted. From the judgments entered pursuant to the orders for judgment, plaintiff appealed. Reversed.

*Everett Moon,* for appellant.

*Roberts & Strong* and *A. D. Smith,* for respondents.

HALLAM, J.

1. This is an action for damages predicated on the following facts: Defendant Purchase held title to a flat building in trust for defendant Heald. The property had recently been acquired. A commission arising in connection with its acquisition was still owing to defendant Hauessler and he was to receive the amount due him out of the rents. The testimony is in conflict as to the arrangement between the parties, but there is evidence that Heald was in control of the property, that Hauessler was his agent to rent the property and collect the rents, and to apply the rents, less his charges for collection, on the debt due him. Hauessler, in the name of Heald, rented one of the flats to plaintiff and agreed to have the flat ready next day. There is evidence that Heald notified the janitor that the flat was rented and gave directions to clean the place up. Some workmen had previously left standing, on the drain board of the kitchen sink, a drinking glass containing oxalic acid, and it remained there when the family moved in. The acid was liquid and clear, like water, only it was thick and crystallized on top.

Plaintiff had two children, one Aerienne, 18 months old, and another younger. Defendants were advised of this fact. Soon after plaintiff's family entered the flat to occupy it, Aerienne ran to the kitchen, took the glass and drank a portion of the contents and suffered severe injury. The inference may doubtless be drawn that the child thought she

was taking a drink of water. Plaintiff sued in his own behalf and as father of Aerienne. The jury found for plaintiff in both cases. The court directed judgment for defendants notwithstanding the verdict and plaintiff in each case appeals.

The action is predicated on negligence. We cannot see that the doctrine of the "turntable cases" or of the "attractive nuisance" cases has any application. Those cases have limited application to instrumentalities maintained by a landowner upon his land which are so attractive to children as to induce them to trespass and receive injury. The doctrine applicable here is broader. The question is whether defendants owed a duty to this child who they knew was about to come rightfully upon these premises, which was violated by leaving this glass of poison where it was in fact left. We are of the opinion that under the evidence the question of liability was properly one of fact for the jury.

Defendant assumed and owed to plaintiff and his family the duty of preparing the premises for occupancy, and that duty was broad enough to impose an obligation to leave no deleterious substance in such position as to likely cause injury to the family of the tenant coming upon the premises. We think the evidence sustains a finding that this duty was violated, and that it was negligence to leave a water colored poison in a drinking glass on the premises where children were rightfully about to enter, and at a place within a child's reach and where water might reasonably be expected to be found.

The principle which subjects an owner to liability arising from concealed dangers on his premises, Keegan v. Heileman Brewing Co. 129 Minn. 496, 152 N. W. 877, L.R.A. 1916F, 1149, is analogous. So is the doctrine that one who has in his possession or under his control an instrumentality exceptionally dangerous in character is bound to take commensurate precaution to prevent an injury being done thereby. 20 R. C. L. 51; Anderson v. Smith, 104 Minn. 40, 115 N. W. 743.

Harpel v. Fall, 63 Minn. 520, 65 N. W. 913, which had application only to the habitable condition of the premises, is not pertinent to a case like this. See Peterson v. Martin, 138 Minn. 195, 164 N. W. 813.

2. There may be doubt as to the liability of the defendant Purchase, but she saw fit to make her motion subsequent to the verdict jointly

with the defendant Heald and her case in this court must therefore stand or fall with his.

Judgments reversed with direction to enter judgment on the verdict.