## LILLIAN M. STONEMAN v. WASHBURN-CROSBY COMPANY. VERNON V. SMYTH, APPELLANT.[1]

November 3, 1922.

Nos. 22,950, 22,952, 22,953, 22,954.

**Negligence of automobile driver for the jury—negligence of pedestrian for jury.**

1. In this action to recover damages by a pedestrian crossing a public street for injuries received from being struck by an automobile owned by the defendant company and driven by its servant, the defendant Smyth, it is *held* that the servant's negligence and the injured person's contributory negligence were for the jury.

**Employer liable for servant's negligent driving.**

2. It is also *held* that the evidence justified the jury in holding the company liable for Smyth's negligence, and it was error to grant judgment notwithstanding the verdict.

**Reversal of judgment notwithstanding not passed on.**

3. The question is not determined whether this court should reverse a judgment non obstante in favor of one of two defendants, where such defendant jointly, and not separately, moved for a directed verdict and for judgment, and where the court below correctly denied the motions as to the other defendant.

Action in the district court for Ramsey county to recover $30,000 for personal injuries.   The case was tried before Hanft, J., who when plaintiff rested denied defendants' motion to dismiss and at

[1]Reported in 190 N. W. 605.

the close of the testimony defendants' motion for a directed verdict, and a jury which returned a verdict for $2,225. Defendants' motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, Vernon V. Smyth appealed. From the judgment in favor of Washburn-Crosby Company for costs, Lillian M. Stoneman appealed. Affirmed as to Smyth; reversed as to Washburn-Crosby Company.

*A. A. Tenner*, for appellants.

*Sanborn, Graves & Ordway*, for respondents.

HOLT, J.

February 16, 1921, at about 9:30 in the forenoon, a Ford coupe driven by defendant Smyth struck Lillian M. Stoneman as she was crossing Selby avenue in St. Paul, a few feet east of the iron picket fence which guards the east end of the stret car tunnel-opening on the top of the hill. She sustained a broken leg and other serious injuries. Smyth was a city salesman of Washburn-Crosby Company. The company owned the coupe, and had furnished it to Smyth for use in the service. Smyth lived on Selby avenue, a few blocks west of the accident, and the automobile was kept in a nearby garage. He was supposed to start on his daily routine to call on retail stores about 8 o'clock in the morning. The route was laid out for him by the company's manager, and began on East Seventh street beyond the railroad tracks. He reported as to his day's work about 5 o'clock, at least every other afternoon. Mrs. Stoneman and her husband each separately sued Smyth and his employer, Washburn-Crosby Company, to recover damages, alleging negligent operation of the coupe by Smyth as the cause of the injury. The cases were tried together and in each the verdict was for the plaintiff against both defendants in substantial amounts. There was a joint motion by defendants for a directed verdict, and afterwards for judgment non obstante, in each case. The motions for judgment were granted as to Washburn-Crosby Company, but denied as to Smyth. The plaintiff, Lilliam M. Stoneman, and defendant Smyth appeal from the judgment rendered against them.

We have considered the evidence attentively and reach the conclusion that Smyth's negligence and Mrs. Stoneman's contributory negligence were questions of fact for the jury. Much is made of the circumstance that where Mrs. Stoneman walked when struck was not a street crossing. She had walked south upon a narrow public street or lane, which runs into Selby avenue on the north, but does not continue as a public street on the other side thereof. In crossing Selby avenue she pursued the course the lane would have taken if extended southerly beyond the north curb of that avenue. There is evidence that people cross, about where plaintiff attempted, quite extensively. There was also evidence that for about two weeks Smyth had daily driven east past this point on Selby avenue on his way to work. Drivers of automobiles must have in mind that people do walk in the street at other places than on the crosswalks and sidewalks. No part of the street is forbidden the pedestrian, as a matter of law. But, of course, a pedestrian in the street at other places than the crossings and sidewalks should use care commensurate with the danger that drivers of vehicles anticipate less travel on foot there. The claim that Mrs. Stoneman must have seen Smyth's approach, if she had looked through or over the picket fence, is somewhat answered by Mr. Smyth's testimony that he did not see Mrs. Stoneman until so near that a collision was unavoidable. His opportunity for seeing her was about as good as hers of seeing the approach of his coupe. A discussion of the testimony would be of no service to the profession, and we refrain. Collisions of this sort occur in the fraction of a second. A jury takes with due allowance the estimates of witnesses as to position, moments of time, speed and distances. No amount of cross-examination is likely to fix accurately to the foot where the collision occurred, and what point each occupied when first seen by the other. There was no error in refusing to order judgment in favor of Smyth.

On the appeal of plaintiff we think the learned trial court erred in ordering judgment notwithstanding the verdict. Smyth's employment was by the month. The accident took place during the hours of his employment, and on the usual route from his home to his place of work, in a car furnished by the employer for the pur-

pose of thus carrying him. It is sought to take him out of the course of his employment by his testimony that on the morning of the accident, and for 4 or 5 days previous thereto, his throat troubled so that he could not talk above a whisper, and that he intended on this morning ot go down to a doctor's office in the Lowry building for consultation and treatment. He had no appointment with the doctor, and admits that he did not go to see him until 3 days thereafter. He also admits that the timer on the coupe needed repair and that he intended to have that made, and that he did actually attend to the repair of the timer on the day of the accident. There is no evidence that he reported to the manager that he was off duty either on the day of the accident or upon any of the 4 or 5 days previous thereto. In fact, there is no evidence that he did not work every day he suffered from his hoarseness. Apparently the doctoring before the accident, which he alludes to, was the ordinary self administered home treatment for a supposed trivial ailment. The jury might well conclude that for a salesman, who was unable to use his voice effectively in the service, to seek a doctor's aid on his way to his place of work, was not a departure or deviation from the course of his employment. But, be that as it may, the evidence of Smyth is such that the jury were not bound to find that at the time of the accident he was driving for a purpose personal to himself, to say nothing of the admitted facts that at the time of the collision he was driving his employer's automobile intrusted to him for use in the employment, that he was so driving from his home along the usual route to his work, and during the hours thereof.

From the facts mentioned the inference has been held permissible that the servant was in the line of his duty so as to make the master liable for negligence in the operation of the vehicle. The late cases wherein this proposition is clearly stated and applied are: Fransen v. Kellogg Toasted Corn Flake Co. 150 Minn. 54, 184 N. W. 364; Behrens v. Hawkeye Oil Co. 151 Minn. 478, 187 N. W. 605; and Piepho v. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998.

The question has been raised that, since defendants moved jointly and not separately for directed verdicts and likewise for judgments

non obstante, the trial court could not grant judgment as to the one when it had to deny it as to the other. It has been held that on joint motions it is not error to deny relief as to all against whom directed if it must be denied as to one. First Nat. Bank of Decorah v. Holan, 63 Minn. 525, 65 N. W. 952; Bank of Glencoe v. Cain, 89 Minn. 473, 95 N. W. 308; and Martinson v. Neubert, 150 Minn. 263, 185 N. W. 651. Whether a different proposition presents itself to an appellate court, where the court below disregards the form of the motion and gives the relief warranted by the evidence, we shall not stop to consider, for, as stated, on the merits of this case plaintiff is entitled to judgment against both defendants upon the verdict as rendered.

The judgment against the defendant and appellant Smyth is affirmed and the judgment in favor of the defendant and respondent Washburn-Crosby Company is reversed, and the cause is remitted with direction to the court below to enter judgment upon the verdict rendered against said respondent.