WILLIAM TAUBERT v. MARGARETHA TAUBERT.[1]

January 31, 1908.

Nos. 15,490—(196).

**Action by Minor against Parent—Emancipation.**

In this a personal injury action by a minor against his mother and sur-
viving parent it is *held:*

1. As a general rule a minor cannot sue his parent for a tort; but, if
he has been emancipated, he can. A mere waiver, however, of the right
to the earnings of a minor, does not alone constitute such emancipation;
for there must be a surrender of the right to his services and to the con-
trol of his person.

2. The issues as to the plaintiff's emancipation and as to the defend-
ant's alleged negligence were questions of fact under the evidence.

3. It is error for a trial court in its instructions to the jury to single
out and isolate the testimony of a designated witness and lay particular
stress upon it in cases where the evidence is contradictory. Each party
to an action is entitled to have all the evidence relevant to the issues
fairly considered by the jury.

4. An instruction in this case to the effect that if the jury believed the
plaintiff's testimony he would be entitled to recover, although every other
witness in the case had lied, was reversible error.

Action in the district court for Hennepin county by a minor, by
his guardian ad litem, against his mother to recover $25,000 damages
for personal injuries. The case was tried before John Day Smith, J.,
and a jury which found for plaintiff in the sum of $5,000. From an
order denying her motion for judgment notwithstanding the verdict
or for a new trial, defendant appealed. Reversed and new trial granted.

*Cohen, Atwater & Shaw,* for appellant.

*Larrabee & Davies,* for respondent.

START, C. J.

This is an action brought by a young man seventeen years old, by
his guardian, against his mother, to recover damages for personal in-
juries which he claims to have sustained while in her employ by rea-

[1] Reported in 114 N. W. 763.

son of her negligence. Verdict for the plaintiff for $5,000. The defendant appeals from an order of the district court of the county of Hennepin denying her motion for judgment notwithstanding the verdict or for a new trial. The record discloses the fact that the action was defended by an indemnity company, which had issued its policy to the defendant.

The assignments of error raise two general questions: (a) Was the defendant entitled to a directed verdict in her favor? (b) If not, was she entitled to a new trial for errors in the instructions of the trial court to the jury?

1. It is claimed on behalf of the defendant that upon the undisputed evidence she was entitled to a verdict in her favor; hence it was error to refuse such an instruction, and that the motion for judgment notwithstanding the verdict should have been granted.

The undisputed evidence shows that the defendant is a widow and the mother of the plaintiff, a minor, whose father is dead; that at the time of the plaintiff's injury, and for some time prior thereto, she was and had been carrying on a tanning and fur-dyeing business, as the administratrix of the estate of her deceased husband, in the city of Minneapolis; that another son, Paul Taubert, twenty eight years old, was at all times herein stated the superintendent and manager of such business, and of the factory wherein it was carried on, for his mother; that the plaintiff was an employee of the defendant and worked in such factory; and, further, that on February 2, 1907, while he was attempting, pursuant to the direction of his brother, the superintendent, to tighten a screw which sustained a shaft in the factory, the engine which propelled the shaft was started, and he was caught in the revolving shaft and thrown against the ceiling, whereby he lost his left arm and both of his legs were broken. This action was brought to recover damages sustained by the plaintiff on account of his injuries, on the ground that they were caused by the negligence of the defendant's superintendent. The jury by their verdict expressly found that Paul Taubert, the superintendent, was guilty of negligence which caused the plaintiff's injury. The complaint alleged that the plaintiff had been emancipated by his mother, and that the defendant negligently started the machinery, without notice to the plaintiff, while

he was in the act of adjusting the screw connected with the shaft. The answer put in issue the alleged emancipation of the plaintiff and the alleged negligence of the defendant, and alleged contributory negligence on the part of the plaintiff.

It is urged on behalf of defendant that the evidence fails to show that the plaintiff had been emancipated by his mother, and therefore a verdict should have been directed for her. The general rule is that a minor cannot sue his parent for a tort; but, if he has been emancipated, he can. A mere waiver, however, by the parent of the right to the earnings of his minor child, does not alone constitute such emancipation. There must be a surrender by the parent of the right to the services of his minor child, and also the right to the custody and control of his person. 1 Jaggard, Torts, 462; 1 Cooley, Torts (3d Ed.) 493.

The disability of a minor to maintain an.action for tort against his parent arises from the family relation, which may exist intact, although a minor may have been given the right to receive as his own his wages; hence, to take a case out of the general rule, there must be not only a waiver of the minor's services, but a surrender of parental control over him. The trial court correctly charged the jury as to this question of the plaintiff's emancipation. It is, however, earnestly contended on behalf of the defendant that the evidence shows that the emancipation of the plaintiff was limited to plaintiff's wages, and that other than this there was no change in the parental relation. The evidence is amply sufficient to sustain a finding that the mother waived her right to the plaintiff's wages and that she employed him to work for her in the factory for the stipulated compensation of $6 a week and his board and lodging in her home. But on the question whether she freed him from her parental custody and control the evidence is not entirely satisfactory, but sufficient, nevertheless, to justify the submission of the question to the jury.

Another reason. urged in support of the claim that the defendant was entitled to an instructed verdict is that the business carried on by the defendant in the factory wherein the plaintiff was injured was carried on by his mother as administratrix for the benefit of herself

and all her children, including the plaintiff; hence he was his own employer. The action was not brought against the defendant as administratrix, but against her as an individual, for a personal tort. But, this aside, the fact remains that the relation between the defendant and plaintiff at the time of his injury was that of employer and employee. The business was being carried on by the mother for the benefit of her deceased husband's estate, and whether the plaintiff would ever derive any benefit from the business, except his wages, would depend upon whether or not, on the final settlement of the estate, there would be anything left for distribution to the children of the deceased, a contingency entirely too remote to justify the claim that the plaintiff was his own employer.

The last reason urged why the trial court erred in refusing to direct a verdict for the defendant is that the plaintiff and his brother Paul, the superintendent, whose negligence, as the jury found, caused the accident, were fellow servants.

The evidence on this branch of the case was somewhat conflicting, and the testimony of some of the witnesses inconsistent in some important particulars. There was evidence in the case tending to show that the defendant's superintendent directed the plaintiff to repair the shaft, and assured him that he (the superintendent) would have the engine stopped while the plaintiff was making the repairs; that the promise made to him was not kept, the engine having been stopped, but started again while he was still at work on the shaft; that there was no way to stop or start the engine by signals, or any way except by an order carried to the engineer to that effect, which fact the plaintiff knew; that the superintendent directed the engineer to stop the engine for some two minutes, and then went away; and, further, that the engineer stopped the engine, and at the expiration of the two minutes started it again. The defendant urges, in effect, that the carrying of the message to the engineer by the superintendent was a detail of the work, and his alleged negligence in substituting an unsafe order for a safe one was not the negligence of a vice principal, but that of a fellow servant. It is quite clear that the claim is untenable, and we hold that if the superintendent directed the plaintiff to

repair the shaft, and promised him that the engine should be stopped until the work was completed, and that he negligently failed to keep the promise, the negligence was that of the defendant. It follows that the defendant was not entitled to a directed verdict.

2. This brings us to the question whether the defendant is entitled to a new trial on account of alleged errors in the charge of the court to the jury. The defendant urges several errors in the instructions, but we find it necessary to consider only one of them.

The court charged the jury that: "If you believe the plaintiff's testimony, believe that it is true, and believe that it measures up to the law as I have defined it to you, he would be entitled to recover, although every other witness in the case had lied." It is claimed that this was prejudicial error. It was certainly error, for the reason that it violated the well-settled rule that it is error for a trial court in its instructions to a jury to single out the testimony of a designated witness and lay particular stress upon it, in cases where the evidence is contradictory. 11 Enc. Pl. & Pr. 185; State v. Yates, 99 Minn. 461, 109 N. W. 1070. See Wilkinson v. City of Crookston, 75 Minn. 184, 77 N. W. 797, and Harriott v. Holmes, 77 Minn. 245, 79 N. W. 1003. The reason for the rule is obvious. Each party to an action is entitled to have all the evidence relevant to the issues considered fairly by the jury, and this right is seriously prejudiced, if not defeated, when the court singles out and isolates the testimony of a particular party or witness and gives to it undue importance.

It is, however, urged by the plaintiff that the instruction, even if erroneous, was not prejudicial, when read in connection with the entire charge. It is true that the jury were instructed that they should give fair consideration to all of the testimony in the case; but the instruction complained of was given near the close of the charge, and it was terse, clear, specific, and mandatory in case the jury believed the plaintiff's testimony. It in effect invited the jury to first inquire whether the plaintiff's testimony was true, and directed them that, if they so found, they need not concern themselves about the other testimony in the case, for the reason that if the plaintiff had told the truth he was entitled to recover. Some of the issues of fact in this case were close ones under the evidence, and we are of the opinion that the

instruction was not only erroneous, but prejudicial, and for this reason a new trial must be granted.

So ordered.

LEWIS, J. (dissenting).

I concur in the views expressed in the opinion, except with reference to emancipation. In that respect the evidence completely failed, and for that reason appellant was entitled to judgment.