MARY LANGWORTHY v. JOHN W. OWENS.[1]

December 29, 1911.

Nos. 17,308—(168).

**Negligence of driver — liability of master — evidence.**

The plaintiff was thrown down and injured in a public street by a collision with a carriage driven by the defendant's alleged agent. Action for damages sustained, on the ground of the negligence of the driver. *Held:*

1. Where a person is driving the team of another in a public street, there is a reasonable presumption that he is doing so as the agent of the owner, who may show that the contrary is the fact.

2. The trial court erred in sustaining an objection to an offer in evidence of the defendant's business cards, taken from a pocket in the carriage at the time of the accident, in striking out evidence tending to show that the defendant was the owner of the horses drawing the carriage, and in directing a verdict for the defendant.

Action in the district court for Ramsey county to recover $5,000 actual damages and $2,000 punitive damages for personal injuries. The complaint alleged, among other matters, that defendant let one of his carriages in charge of one Rogers, as driver thereof, to be used in connection with a funeral; that Rogers was known to defendant, and the other liverymen in the city, as a hopeless and confirmed drunkard and to be utterly incompetent, unreliable and unsafe to place in charge of a team of horses, and to be charged with the duty of driving the same through the streets of the city in the furtherance of defendant's business; that Rogers on the day in

[1] Reported in 133 N. W. 866.

---

[Note]   Who is responsible for acts of driver furnished with a hired vehicle, see notes in 13 L.R.A.(N.S.) 1122; 25 L.R.A.(N.S.) 33.

question was badly intoxicated and wholly unfit to be permitted to drive the carriage; that defendant wilfully placed him in charge of said team; that Rogers died shortly thereafter of acute alcoholism. The case was tried before Kelly, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, she appealed. Reversed and new trial granted.

*Charles N. Dohs* and *S. P. Crosby,* for appellant.

*Percy D. Godfrey,* for respondent.

START, C. J.

On the evening of May 2, 1910, about five o'clock, the plaintiff, while crossing Ninth street on the west side of Broadway street in the city of St. Paul, was struck, thrown down, and injured by a carriage drawn by two horses, then being driven westerly on Ninth street, by the alleged negligence of the driver.

The plaintiff, claiming that the team and carriage belonged to the defendant, and was being, with his authority, driven by a man named Rogers, who died before the trial, whose negligence caused her injuries, brought this action in the district court of the county of Ramsey to recover damages therefor. The answer to the complaint was, except as to formal allegations thereof, a general denial. When the plaintiff rested her case, the defendant also rested, and moved the court for a directed verdict in his favor. The motion was granted, and the jury, by the direction of the court, returned a verdict for the defendant, and the plaintiff appealed from an order denying her motion for a new trial.

The pivotal question presented by the record is whether the evidence, taking the most favorable view of it for the plaintiff permissible, taken in connection with certain other evidence offered by the plaintiff, but erroneously excluded by the court, as we hold, was sufficient to take the question of the defendant's alleged negligence to the jury. A careful consideration of the evidence received and that erroneously excluded has led us to the conclusion that the question must be answered in the affirmative, and that the plaintiff is entitled to a new trial. In view of this conclusion, we shall refrain

from discussing the evidence, and refer to it only so far as necessary to indicate the basis of our conclusion.

There was evidence fairly tending to show that the plaintiff was injured at the time and place stated by being thrown down by a team and carriage belonging to some one, that it was driven by Rogers, and that he was negligent in the management of the team, which resulted in plaintiff's injury. The evidence was not conclusive as a matter of law that the plaintiff's injuries were the result of an unavoidable accident, or of her own negligence, as defendant here claims. But whether the team and carriage belonged to the defendant, and whether, if they did, Rogers was driving them by the authority of the defendant, were made by the evidence actually received by the court close and controlling questions. The plaintiff's evidence in reference to these questions was largely circumstantial. The defendant owned and operated a livery business under the name of "Union Livery," and on the day of the accident there were sent from the Union Livery four carriages for use at a funeral, and eight from the Schroeder Livery, another livery establishment, making twelve carriages for the same funeral. There was evidence tending to show that the accident happened when the carriages were returning from the funeral; that none of the carriages from the Schroeder Livery was driven by Rogers; that at the time of the accident the person who came to the plaintiff's assistance inquired from the occupants of the carriage from whom they engaged the carriage and in response thereto one of them handed to him a business card of the defendant from a pocket in the carriage, and several other cards of the defendant, all alike, were taken from the pocket of the carriage; that it was the custom of the defendant to keep such cards in his carriage; and, further, that it was the custom of liverymen to keep their business cards in their carriages, but not in the carriages of their competitors.

The cards taken from the carriage in question were identified on the trial, and were offered in evidence, but were excluded on defendant's objection. The testimony of a witness tending to show that the horses attached to the carriage were from the Union Livery was stricken out.

It was error to sustain the objection to the offer of defendant's business cards in evidence; also to strike out the testimony as to the identity of the horses. Each item of the evidence excluded was, in connection with the other evidence, competent and relevant, as tending in some degree, at least, to show that the defendant was the owner of the horses and carriage in question, the probative force of which was a question for the jury. Baldwin v. Abraham, 57 App. Div. 67, 67 N. Y. Supp. 1079, affirmed 171 N. Y. 677, 64 N. E. 1118; Edgeworth v. Wood, 58 N. J. L. 463, 33 Atl. 940.

If the jury found that the horses and carriage belonged to the defendant and were driven by Rogers, there would be no presumption of fact that he was acting without authority in the premises or beyond the scope of his employment. The presumption would be to the contrary, and the case would fall within the rule that, where a person is driving a team of another in a public street, there is a reasonable presumption that he is doing so as the agent of the owner, but he may show that the contrary is the fact. Geiselman v. Schmidt, 106 Md. 580, 68 Atl. 202; Hiroux v. Baum, 137 Wis. 197, 118 N. W. 533, 19 L.R.A.(N.S.) 332.

The correctness of this rule is not controverted by the respondent; but he contends that the evidence is conclusive that Rogers was not driving the team as the agent of the defendant, and such was the opinion of the trial court, hence the rulings of the trial court as to the admission of evidence were in no event reversible error, and that the court correctly instructed a verdict for the defendant. There was direct evidence tending to establish the claim that Rogers was not the agent; but upon a consideration of the whole evidence we are of the opinion that it was not conclusive as a matter of law, and that the cause should have been submitted to the jury.

Order reversed, and a new trial granted.