## JOHN D. PROVO v. E. A. CONRAD.[1]

July 16, 1915.

Nos. 19,370—(245).

**Automobile — liability of owner for acts of driver.**

The owner of an automobile is not liable for the negligent acts of his chauffeur, committed when wrongfully operating the automobile outside the scope of his employment, and contrary to directions is using the same in furtherance of his own personal affairs.

Action in the district court for Hennepin county to recover $5,000 for personal injury received in a collision with plaintiff's automobile. The answer specifically denied that at the time and place indicated in the complaint defendant drove an automobile, and specifically denied that he ran into or came in contact with plaintiff. The case was tried before Steele, J., and a jury which returned a verdict for $2,100. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Henry Deutsch* and *Charles G. Laybourn,* for appellant.

*Stiles & Devaney* and *Earl J. Frisbee,* for respondent.

---

[1] Reported in 153 N. W. 753.

Note.—The responsibility of owner, when car is being used by servant or another for his own pleasure or business is discussed in notes in 1 L.R.A.(N.S.) 235, 9 L.R.A.(N.S.) 1033, 14 L.R.A.(N.S.) 216, 21 L.R.A.(N.S.) 93, 26 L.R.A. (N.S.) 382, 33 L.R.A.(N.S.) 79, 37 L.R.A.(N.S.) 834, 47 L.R.A.(N.S.) 662. As to validity of statute making owner liable for injuries by automobile being used by another see note in 45 L.R.A.(N.S.) 699.

BROWN, C. J.

Defendant is a real estate dealer residing and doing business in the city of Minneapolis. He owns and uses in connection with such business and for his personal convenience an automobile, and employs a chauffeur to operate the same. Plaintiff was riding his bicycle upon one of the streets of Minneapolis and was negligently and carelessly run down and injured by defendant's car, driven by his chauffeur. He brought this action to recover for the injuries so received, on the theory and claim that defendant was responsible for the conduct of the chauffeur, and liable for his negligence while operating the automobile. Plaintiff had a verdict and defendant appealed from an order denying his alternative motion for judgment or a new trial.

There is no controversy about the facts and it stands admitted that defendant owned the automobile, that it was operated by his chauffeur, and that plaintiff was injured through the latter's negligence. It further appears that the chauffeur was in the employ of defendant and was clothed with authority to use the automobile in connection with defendant's business, and in driving members of his family about the city, but he was expressly forbidden to use the same for his, the chauffeur's, personal affairs, and was authorized to use it in furtherance of defendant's business only when expressly so authorized by defendant. There is no evidence in the record to sustain the claim that the chauffeur was in the habit of taking and using the automobile outside of the business of defendant, with the knowledge and consent of defendant or otherwise. On the day of the injury to plaintiff the chauffeur had taken defendant to his home in the car, and was then directed by defendant to go to his own home and after supper to return to defendant's residence and take defendant and members of his family to the theater. The chauffeur did not comply with these directions. Instead of proceeding directly to his own home he drove past his residence and some eight or ten blocks beyond on a mission of his own, and to inform a friend that he could not keep an engagement with him that evening. He was some eight blocks beyond his own home when the accident in question occurred. These facts are all undisputed.

The relation between the owner of an automobile and the person

employed by him to operate it is that of master and servant, and liability for injuries to third persons caused by the negligence of the servant operating the same differs in no essential respect from the rules and principles of law applicable to that relation. Efforts have been made to extend such rules of liability, by statute and judicial decisions, on the theory that the automobile is a dangerous instrumentality, requiring for the protection of the public a high degree of care in safeguarding its use. These efforts have not met with success, and the courts are practically uniform in applying in such cases the law of master and servant. Daugherty v. Thomas, 174 Mich. 371, 140 N. W. 615, 45 L.R.A.(N.S.) 699, Ann. Cas. 1915A, 1163; Huddy, Automobiles, § 30, and authorities there cited. The rule is that the master is liable for the negligent acts of his servant while engaged within the scope of his employment and in furtherance of his master's business, but he is not liable for acts committed outside of and beyond such employment. So the primary inquiry and test of liability centers around the question whether at the time complained of the servant was pursuing the master's work. 2 R. C. L. 1198. The rule has been applied by this court in all automobile cases heretofore presented. Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L.R.A.(N.S.) 598; Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091; Geiss v. Twin City Taxicab Co. 120 Minn. 368, 139 N. W. 611, 45 L.R.A.(N.S.) 382.

The rule applies to the case at bar. Plaintiff does not otherwise contend, though he does claim that the question whether the chauffeur of defendant at the time of the injury was engaged in the line of his employment was properly submitted to the jury. In this we do not concur. It is clear from the facts stated, which are not in dispute, that the chauffeur was not engaged in the work of his employment at the time the injury was inflicted upon plaintiff. He had departed from his service for defendant and was engaged in furthering his own interests and in pursuance of his own affairs, and this contrary to the directions of defendant. This view of the case is supported by numerous recent decisions of other courts. In Colwell v. Aetna Bottle & Stopper Co. 33 R. I. 531, 82 Atl. 388, it appeared

that the chauffeur had been directed by the owner of the automobile to drive to a garage, but instead of complying with such directions the chauffeur used it to take a co-employee to his home and to go to his supper, and while doing so negligently collided with another automobile. The court held that the chauffeur was not engaged within the scope of his employment and that the owner was not liable. In Steffen v. McNaughton, 142 Wis. 49, 124 N. W. 1016, 26 L.R.A. (N.S.) 382, 19 Ann. Cas. 1227, a similar situation was presented. The servant in that case took the automobile to go to his dinner, without the knowledge or consent of the owner, and it was held that for the time being the relation of master and servant was suspended, and the owner was not liable for the negligence of the chauffeur during the time he was thus engaged. The case of Danforth v. Fisher, 75 N. H. 111, 71 Atl. 535, 21 L.R.A.(N.S.) 93, 139 Am. St. 670, in many respects is substantially similar to the case at bar. There, contrary to directions, the chauffeur made use of the automobile for his personal purposes and the owner was held not liable for his negligence. See also Symington v. Sipes, 121 Md. 313, 88 Atl. 134, 47 L.R.A.(N.S.) 662; Steffen v. McNaughton, 142 Wis. 49, 124 N. W. 1016, 26 L.R.A.(N.S.) 382, 19 Ann. Cas. 1227, and authorities cited in the notes. Sina v. Carlson, 120 Minn. 283, 139 N. W. 601, is not in point, and Rudd v. Fox, 112 Minn. 477, 128 N. W. 675, is clearly distinguishable in its facts. Ritchie v. Walker, 63 Conn. 155, 28 Atl. 29, 27 L.R.A. 161, 38 Am. St. 361, cited and relied upon by plaintiff, presented a state of facts entirely dissimilar to those in the case at bar. In that case the servant had proceeded in the course of his employment over a route different from that usually followed, and it was held that the departure was not such as to suspend the relation of master and servant. The case is not here in point.

We are not called upon in the case at bar to consider the effect of a failure of a servant in the operation of his master's automobile to follow the usual and customary routes of travel. Such is not the situation here presented. Here the servant had wholly departed from his employment, and proceeded beyond his destination upon an errand of his own. In the absence of some evidence that the chauf-

feur was permitted by defendant to use the automobile for his own purposes, or did so with the knowledge and acquiescence of defendant, the nonliability of defendant, within the rule and authorities cited, is clear, and the order denying a new trial must be reversed.

It is not a case for final judgment and a new trial will be ordered. Order reversed.