R. B. FOSTROM v. LOUIS GROSSMAN AND OTHERS.
EVELYN FOSTROM v. LOUIS S. GROSSMAN AND OTHERS.[1]

January 16, 1925.

Nos. 24,333, 24,334.

**Verdict sustained by evidence.**

1. The evidence justified the jury in finding that an automobile salesman was the agent or servant of the persons for whom he sold cars on a commission basis.

**Admission of statements of salesman harmless error.**

2. The admission in evidence of statements with respect to an accident, which were made by the salesman a few days thereafter, was harmless error, in view of the fact that such statements did not differ from the testimony he gave on the same subject.

**Salesman within scope of authority in using his employer's car.**

3. Applying the rule that a master's liability for the consequences of his servant's negligence in operating the master's automobile is not affected, if the servant, when on business for his master, deviates slightly from the usual or most direct route of travel for some purpose of his own, it is *held* that, in going only one block out of his way to mail personal letters, the salesman did not cease to be within the scope of his authority to make use of the automobile.

**Reduced verdict not excessive.**

4. The award of damages, as reduced by the trial court, was not excessive.

Two actions in the district court for Hennepin county against defendants doing business as Grossman-Kimball Company, one by the husband to recover $3,100 for injuries received by his wife, and the other by the wife to recover $15,000 for her injuries. The cases were tried together before Bardwell, J., and a jury which returned verdicts for $350 and $5,000 respectively. From orders denying defendants' motions for judgment notwithstanding the verdicts and denying their motions for a new trial conditioned upon Evelyn Fos-

[1]Reported in 201 N. W. 929.

trom accepting a reduction of her verdict to $2,500, Grossman-Kimball Company appealed. Affirmed.

*Merriam & Wright*, for appellant.

*A. R. Chesnut* and *E. T. Chesnut*, for respondents.

LEES, C.

In these cases, as in Langan v. Nathanson, and Adams v. Nathanson, supra, page 433, the principal question is whether an employer is liable for the consequences of the negligence of his employe in driving the employer's car. The jury found liability and the owners of the car have appealed from an order denying their motion in the alternative for judgment or a new trial.

The accident happened on April 17, 1922. The driver was a man named Richmond. He sold cars for appellants on a commission basis. In soliciting business, he sometimes took a car to demonstrate its efficiency to the prospective purchaser. He had no right to take one without permission. On the day of the accident he had a car he intended to show to a "prospect" whom he found away from home. Being near his own home, Richmond drove there and had luncheon. Taking his father-in-law with him to mail some family letters at the branch postoffice at the corner of Blaisdell avenue and Lake street in the city of Minneapolis, he left his house after luncheon and drove south on Blaisdell avenue, intending to let his father-in-law out of the car at the postoffice and then go on to appellants' garage, which is located on Lake street east of Blaisdell. The accident happened before the postoffice was reached and was due to Richmond's negligence in driving the car. Richmond resided on Nicollet avenue, north of Lake street and one block east of Blaisdell avenue, hence in driving on that avenue there was a slight deviation from the most direct route from his house to appellants' garage. He gave two reasons for taking that route. The first was that he wanted to leave his father-in-law at the postoffice, and the second that he wished to avoid the heavy traffic on Nicollet avenue.

1. Appellants contend that the proof would not justify the jury in finding that the relation of master and servant or principal and agent existed between them and Richmond and that it fell short

of showing authority to Richmond to use the car at the place of the accident. We do not sustain the contention. Grossman, one of the appellants, testified that he employed Richmond as a salesman in March, 1922; that he was employed to sell new and old cars; that he might make sales either in or out of appellants' place of business; that he sought customers wherever he chose to go without specific directions from appellants; that he made their garage his headquarters; that, if a "prospect" asked for a demonstration of a particular car, the salesman was permitted to give it to him; that, when a salesman took a car out for a demonstration, he was not directed to follow any particular route, his general instructions being to get back as soon as possible and to use the car as little as possible. In addition to Grossman's testimony, appellants offered in evidence a part of Richmond's deposition. In effect it showed that he was a salesman working for appellants on a commission basis; that he made his own dates with prospective customers, going about at will and calling on any one to whom he hoped to make a sale. Upon appellants' own showing, the jury might well find that Richmond's use of the car at the time and place of the accident was not unauthorized.

2. Appellants complain of the admission in evidence of statements made by Richmond a few days after the accident. Granting, for the purpose of argument, that the statements were inadmissible, the error in receiving them was harmless, for they did not differ from statements he made immediately after the accident or from the testimony he gave in his deposition. Milton v. Biesanz Stone Co. 99 Minn. 439, 443, 109 N. W. 999.

3. Appellants' chief contention is that the court should have granted their motion for a directed verdict because Richmond exceeded his authority and was using the car for his own purposes when he drove along Blaisdell avenue on his way to the postoffice.

As a general rule a master's liability for an injury resulting from the negligent operation of his automobile is not affected if the servant, when on business for the master, deviates slightly from the usual or most direct route of travel for some purpose of his own. See note to Fisher v. Fletcher, 22 A. L. R. p. 1404.

Provo v. Conrad, 130 Minn. 412, 153 N. W. 753; Stoneman v. Washburn-Crosby Co. 153 Minn. 331, 190 N. W. 605; and Robertson v. Spitler, 153 Minn. 395, 190 N. W. 992, are recent cases in which this court had the applicability of the rule under consideration. They are in harmony with those in other jurisdictions, where approval has been given to the general rule above stated. In the instant case the employe was on the way to his employer's garage. The deviation from the direct route was slight. The personal errand was merely an incident in the course of the return trip to the garage. Under all the circumstances, the jury might find that Richmond was using the car in appellants' business at the time of the accident.

4. The jury assessed Mrs. Fostrom's damages at $5,000 and her husband's for loss of services and expenses of medical treatment at $350. The trial court gave Mrs. Fostrom the option of accepting a reduction of $2,500 in the amount of the verdict or submitting to a new trial. She accepted the reduction, but nevertheless appellants contend that the verdict is so excessive as to require a further reduction or a new trial. We do not agree. The attending physician gave testimony which would warrant the jury in finding that Mrs. Fostrom suffered a concussion of the brain; that the cervical glands became enlarged and have continued to vary in size ever since the accident; that she has continued to suffer from severe headaches and had been and continued to be extremely nervous. He treated her daily for three or four weeks following the accident and frequently thereafter. If the jury were satisfied that her testimony and that of her physician was true, appellants have no ground for complaint as to the amount of the verdict as reduced.

The other assignments of error have been considered, but are not of sufficient importance to justify discussion.

Order affirmed.