MARY ADAMS v. LOUIS NATHANSON AND ANOTHER.
JOHN L. LANGAN v. LOUIS NATHANSON AND ANOTHER.[1]

January 16, 1925.

Nos. 24,299, 24,300.

**Owners of automobile not liable to persons injured by it when it was driven by person not their servant.**

A man employed at night in defendants' garage was directed by the manager, early in the forenoon, to take one of defendants' cars and go to the house of one of their employes, who had been injured, to ascertain when he would be able to return to work. Instead of returning to the garage after delivering the message, the messenger, at the request of the injured employe, took him in the afternoon to the office of a physician. In the course of the return trip, a woman, driving the car with the messenger's consent, negligently ran against the plaintiffs and injured them. The fact that the messenger was not driving would not relieve defendants of liability, but it is *held* that at the time of the accident defendants' car was being used for a purpose having no relation to the errand upon which the messenger was sent, that he was not acting within the scope of his authority, and that defendants are not liable to plaintiffs.

[1]Reported in 201 N. W. 927.

Two actions in the district court for Hennepin county to recover in each case $10,500. The cases were tried together before Buffington, J., and a jury which returned verdicts for plaintiff for $5,000 and $1,850 respectively. Defendants' motion in each case for judgment notwithstanding the verdict was denied, Salmon, J. From the judgments in favor of plaintiffs, defendants appealed. Reversed.

*Merriam & Wright*, for appellants.

*John Greathouse* and *F. D. Larrabee*, for respondents.

LEES, C.

These are two actions for damages for personal injuries inflicted upon plaintiffs when they were struck by an automobile owned by defendants. The actions were tried together and resulted in verdicts in favor of plaintiffs. Defendants have appealed from the judgments entered after a denial of their motion for judgment notwithstanding the verdicts.

Defendants were sales agents in Minneapolis for Chevrolet cars. They conducted a service garage and had an employe, named Hubbard, in charge of it at night. Hubbard had been injured and was unable to work. In his absence his place was taken by David Frisch. Fred Albenson managed the business for defendants. In the morning of December 20, 1922, Albenson directed Frisch to take one of the defendants' cars and go to Hubbard's house to ascertain how he was and when he would return to work. Frisch testified that he also directed him to bring Hubbard to the garage if he could come.

Frisch drove from the garage to the place where he lived, got his breakfast, put a phonograph in the car, went to Hubbard's house and gave him Albenson's message. He remained at Hubbard's house until about 1:30 p. m., a portion of the time being spent in dancing to the music of the phonograph. Hubbard asked Frisch to take him to a physician's office where he had an appointment. Hubbard's wife and sister accompanied them. The physician examined Hubbard and rebandaged the injured portion of his body. Then the two men went back to the car, where they were joined by

the women, and the return trip to Hubbard's house was begun. On the way back, at the request of the women, Frisch stopped for a moment at a store. When the women came out Frisch said his hands were cold and asked Hubbard to take the wheel, but his injury was such that he could not drive, and, with Frisch's consent, Mrs. Hubbard took the driver's seat and the return trip was resumed, in the course of which she negligently ran against the plaintiffs and injured them seriously. The sole question is whether defendants are chargeable with the consequences of her negligence.

At the outset it should be noted that defendants cannot escape liability by reason of the fact that she was driving when the accident occurred. In Geiss v. Twin City Taxicab Co. 120 Minn. 368, 139 N. W. 611, 45 L. R. A. (N. S.) 382, Justice Bunn, speaking for the court, said:

"When the master intrusts the performance of an act to a servant, he is liable for the negligence of one who, though not a servant of the master, in the presence of his servant and with his consent negligently does the act which was intrusted to the servant."

Under this rule the situation at the time of the accident was no different than it would have been if Frisch had been driving. The sole question, then, is whether the facts compel the legal conclusion that Frisch had no authority to use defendants' car to take Hubbard to the physician's office.

Frisch was not employed to drive defendants' cars. His duties were confined to the care of the garage at night. In carrying Albenson's message to Hubbard, he had a special duty to perform. His instructions were specific. Can it be said that they were broad enough to permit a jury to find that he did not exceed his authority when he used the car to take Hubbard to the physician's office?

The rules by which the courts are guided in determining whether a principal or master is liable for the result of an agent's or servant's negligence are well understood. It is their application to the facts in particular cases that causes doubt.

In Morrer v. St. P. M. & M. Ry. Co. 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793, Justice Mitchell said:

"The * * * test of the master's liability is whether there was authority, express or implied, for doing the act: * * * If it be done in the course of and within the scope of the employment, the master will be liable for the act, whether negligent, fraudulent, deceitful, or an act of positive malfeasance."

In Mulvehill v. Bates, 31 Minn. 364, 17 N. W. 959, 47 Am. Rep. 796, he distinguished the Morier case, saying that where a servant has specific orders as to the mode of dealing with a vehicle intrusted to him by the master and was to attend to a specific errand on which he was sent and then return to his master, he is not within the scope of his employment, and the master is not liable, if the servant uses the vehicle for some purpose wholly independent of the master's orders.

Of course there is no liability where an employe uses his employer's automobile to go on a frolic of his own, Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598, or for a purpose having no relation to his employer's business, Provo v. Conrad, 130 Minn. 412, 153 N. W. 753; Moore v. P. J. Downs Co. 150 Minn. 333, 185 N. W. 395, but the jury may find the employer liable although the employe exceeded his actual authority or even disobeyed his express instructions. Sina v. Carlson, 120 Minn. 283, 139 N. W. 601.

In determining whether Frisch was using the car in the line of his employment and within the scope of his authority, the jury might consider the fact that he was an employe using defendants' car, Piepho v. M. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998, and, unexplained, these facts alone might justify an inference that his use of the car at the time of the accident was an authorized use. Fransen v. Kellogg T. C. F. Co. 150 Minn. 54, 184 N. W. 364; Behrens v. Hawkeye Oil Co. 151 Minn. 478, 187 N. W. 605.

But here we have a case where there is no room for inference. The nature and extent of Frisch's authority was shown by undisputed evidence. His authority was not general, but limited and temporary. The car was intrusted to him for a specific purpose, namely, to go to Hubbard's house, deliver the message, and then return to the garage with his answer.

It is argued that Hubbard could answer Albenson's inquiry more definitely after he had been examined by the doctor, and that undoubtedly Albenson would have permitted Frisch to take Hubbard to the doctor's office if permission had been asked.   In other words, the argument is that Frisch did not exceed his implied authority. The argument is plausible and has received careful consideration. It suggests the only possible basis for a recovery, but our conclusion is that it is not a sufficient basis.   At the time of the accident Frisch was serving Hubbard and not the defendants.   The time within which he should have performed the errand on which he was sent had expired.   His discretionary powers were limited and the conclusion that he exceeded them cannot be escaped.

Defendants' motion for directed verdicts should have been granted.   The judgments are reversed and each case is remanded with directions to enter judgment in defendants' favor.