WILLIAM MALMQUIST v. HELLENIC COMMUNITY OF MINNEAPOLIS, INC.

NINA MALMQUIST v. HELLENIC COMMUNITY OF MINNEAPOLIS, INC.[1]

April 17, 1925.

No. 24,463.

**Master not liable for negligence of driver of school bus on unauthorized private excursion.**

The chauffeur of a school bus who, without authority from his employer, goes more than 13 blocks off his customary route, on an excursion of his own and for no purpose of his employer, goes so far beyond the scope of his employment as to absolve the master from liability for his negligence while on such excursion.

See Master and Servant, 26 Cyc. p. 1537.

[1]Reported in 203 N. W. 420.

Two actions in the district court for Hennepin county to recover for personal injuries. The cases were tried together before Baldwin, J., and a jury which returned verdicts in favor of plaintiffs. Plaintiffs appealed from the judgment entered upon an order granting defendant's motion for judgment notwithstanding the verdicts. Affirmed.

*Olof L. Bruce*, for appellants.

*John G. Priebe*, for respondent.

STONE, J.

Two actions, one by a husband and the other by his wife, for personal injuries suffered by the latter in an automobile collision. Judgment was ordered for defendants notwithstanding the verdicts for plaintiffs in both cases. Plaintiffs appeal.

Defendant's vehicle was a school bus. The learned trial judge failed to indicate the ground upon which the order for judgment was placed, but our understanding is that he was of the opinion either that, at the time of the collision, the chauffeur of the bus was not a servant of defendant or that, if he was, he was not acting at the time being within the scope of his employment. We have no occasion to consider the first of these possible bases for the order under review because the second compels affirmance.

The customary and only authorized use of the bus was to make a tour during the afternoon to collect numerous children and deliver them about four o'clock at a school maintained by defendant in southeast Minneapolis. On the afternoon of the collision, the chauffeur started much earlier than usual, and, with a youthful companion, went on an excursion into northeast Minneapolis. He assigns no reason and the record discloses none other than his admission that he was killing time and the flimsy excuse that he was in need of gasolene. At the point of collision, he was fully 13 blocks off his regular route and had been still farther afield, for he was on his way back to start for the children when he collided with plaintiffs' automobile. There is no suggestion that he had in mind as a source of supply any particular gasolene station off his route, particularly one a mile or more away and toward the city's

outskirts.   On the contrary, he could have gotten gasolene, if needed, on his regular route and at the usual place where gasolene was purchased for defendant.

It requires no more than this brief statement to indicate that the case is controlled by Langan v. Nathanson, 161 Minn. 433, 201 N. W. 927 (with which may be contrasted Fostrom v. Grossman, 161 Minn. 440, 201 N. W. 929), and that the order appealed from must be affirmed.

So ordered.