## EDRIS V. STAUFFER v. FRED SCHILPIN.[1]

May 14, 1926.

No. 25,279.

**Driver authorized to sell car at one town, not within his authority when 20 miles beyond it.**

The evidence does not sustain a verdict finding that the driver of the defendant's car, who was authorized to effect a sale of it, was within the scope of his authority when driving a long way from the place of the contemplated sale, and through whose negligence the plaintiff, who was riding in the car, was injured.

Motor Vehicles, 28 Cyc. p. 47 n. 20.

Action in the district court for Stearns county to recover for injuries received in an automobile accident. The case was tried before Roeser, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for

[1]Reported in 208 N. W. 1004.

judgment notwithstanding the verdict or for a new trial. Order reversed and new trial granted.

*Cobb, Wheelwright, Hoke & Benson* and *J. G. Stirn,* for appellant.
*Mason W. Spicer,* for respondent.

DIBELL, J.

Action for damages sustained in an automobile accident. There was a verdict for the plaintiff. The defendant appeals from an order denying his alternative motion for judgment or a new trial.

The accident occurred on a public highway between Sauk Center and Alexandria on the early evening of October 29, 1924. The plaintiff and a lady companion, teachers at Sauk Center, were riding in a Stutz roadster owned by the defendant and driven by one Gorman. In turning a corner the car ran off the road and the plaintiff was severely injured. The only question necessary to discuss is whether Gorman was within the scope of his authority. There is no open question of the sufficiency of the evidence to sustain a finding of his negligence.

The defendant resided at St. Cloud. Gorman was in the employ of a garage there. He was not in the employ of the defendant. The defendant knew who he was; but they had no business relations except minor ones through the garage.

The defendant owned a second hand Stutz roadster of the 1919-1920 model which he wanted to sell. The day before the accident Gorman represented to him that he had a prospective purchaser at Freeport, 25 miles northerly of St. Cloud, in the person of one McNamara. The defendant authorized him to take the car to Freeport and try to sell it; and agreed that he should have all over a fixed sum if he sold it. He cautioned him to return it by 6 or 7 in the evening as he wanted to use it. Gorman took the car sometime in the forenoon of the day of the accident.

It seems conceded that there was no such person at Freeport as McNamara and we assume the fact to be so. Gorman drove the auto to Sauk Center, through Freeport as we take it, but so far as is known without stopping. Sauk Center was 20 miles beyond. He

drove the plaintiff's companion about the village, demonstrating the car, for 20 or 30 mintues, and then drove the plaintiff about for a like time. Towards evening they started for Alexandria. There was some loose talk, perhaps it was inadmissible, of his having a prospective purchaser there whom he had failed to find at Freeport. It is the claim of the plaintiff and her companion that they had in contemplation buying a car, and that Gorman was demonstrating the Stutz car with a view to a sale when he drove them about Sauk Center, and that the demonstration was in progress on their way to Alexandria. Both were acquainted with him, particularly the plaintiff's companion, and he had demonstrated cars for them before, but particularly for the plaintiff's companion. She was an expert driver with a practical knowledge of autos. It is urged that it was improbable that the two young ladies seriously thought of buying the old Stutz car for the purpose which they had in view, or that the trip to Alexandria was a part of a demonstration; but we do not discuss that question.

Gorman was not at all within his authority. He had authority to demonstrate for McNamara at Freeport. His mission was special. It is likely that he did not get the auto for such a purpose. His trip to Sauk Center was not within the contemplation of the defendant. Gorman had it in mind, for he telephoned to the plaintiff's companion the night before; and he might have created a mythical purchaser as a means of getting possession of the auto. The defendant and his father and the two young women had some talk soon after the accident. There is evidence of some talk of fire and theft and liability insurance. There was talk about Gorman and his whereabouts, and of the fact that he had authority to demonstrate the car at Freeport. There was none, as we get it, of his general authority. He was not at the trial. Hope may have been engendered in the minds of the two young women of compensation from the insurance company. There was not an admission of liability. Under the evidence the plaintiff cannot recover. Malmquist v. Hellenic Community, 163 Minn. 10, 203 N. W. 420; Adams v. Nathanson, 161 Minn. 433, 201 N. W. 927; Moore v. P. J. Downes Co. 150

Minn. 333, 185 N. W. 395; Provó v. Conrad, 130 Minn. 412, 153 N. W. 753; Slater v. Advance T. Co. 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598; Goodrich v. Musgrave F. & A. Co. 154 Iowa, 637, 135 N. W. 58.

The defendant cites Barton v. Studebaker Corp. 46 Cal. App. 707, 189 P. 1025, and Premier Motor Mnfg. Co. v. Tilford, 61 Ind. App. 164, 111 N. E. 645, as holding that there is no liability when a salesman employed on a commission basis does injury while using his principal's car. This question does not require particular consideration now in view of the determination reached. We refer however to Fostrom v. Grossman, 161 Minn. 440, 201 N. W. 929, where under the facts the owner was held liable for the salesman's acts.

It is not altogether clear that all the facts have been developed, and there should be a new trial rather than judgment notwithstanding. Unless the evidence is substantially different upon a new trial there can be no recovery and there should be a verdict for the defendant. A new trial is ordered.

Order reversed.