## RANDOLPH A. HOLMGREN v. RED LAKE FALLS MILLING COMPANY AND ANOTHER.[1]

December 3, 1926.

No. 25,610.

**Owner not liable for injury to curious visitor caused by fall of manlift in elevator.**

1. Owner of the premises not liable for injuries suffered by one while riding on a manlift in a grain elevator on a Sunday afternoon when the building was not open to the public and when the servant who invited the injured person to enter was acting beyond the scope of his authority in so doing.

**Res ipsa loquitur inapplicable.**

2. The case is in no event one for the application of the rule of res ipsa loquitur.

**And principle of dangerous instrumentality inapplicable.**

3. Neither is it subject to any principle peculiar to dangerous instrumentalities.

Master and Servant, 39 C. J. p. 1301 n. 55; p. 1304 n. 81.
Negligence, 29 Cyc. p. 449 n. 66; p. 470 n. 88 New; p. 592 n. 1.

See notes in 15 L. R. A. (N. S.) 402; 27 L. R. A. (N. S.) 124; 9 R. C. L. pp. 1554, 1555.

Plaintiff appealed from an order of the district court for Roseau county, Watts, J., denying his motion for a new trial. Affirmed.

*G. Halvorson,* for appellant.

*O'Brien & Sylvestre* and *M. J. Hegland,* for respondent.

STONE, J.

Action for personal injuries suffered by plaintiff's wife. After verdict for defendant, plaintiff appeals from the order denying his motion for a new trial.

[1]Reported in 210 N. W. 1000.

Mrs. Holmgren was injured by the fall of a manlift on which she was riding in defendant's elevator at Badger, Minnesota, on a Sunday afternoon in August, 1922. The elevator was new and had been open for use but a short time. It was in charge of one Hegberg, defendant's local manager. Plaintiff's wife is a sister of Mrs. Hegberg. On the Sunday in question it was not in operation nor open to the public for any purpose. Plaintiff, his wife and Mrs. Hegberg went to the elevator with and at the invitation of Hegberg. While there, for their own pleasure they tried out the manlift. It was a small passenger elevator with a capacity of only one person. Nothing could have been more clearly intended for use only by employes in the performance of their duties. It was hung on a counterweight and anyone desiring to operate it took his position on the open platform and then propelled it up or down by pulling on a stationary rope fastened to the top and bottom of the elevator shaft, which was open and consisted of only the two guides upon and between which the elevator operated. Mrs. Holmgren in her turn tried the lift, as already stated for her own pleasure, and while doing so she suffered severe injuries. The elevator upward bound gathered such speed that it crashed at the top, the cable broke, the safety device failed to work and both lift and occupant were precipitated over 40 feet to the ground floor.

The claim of negligence was predicated to start with upon the supposed absence of a safety device such as required by G. S. 1923, § 4152. That section is part of the factory law of the state and we are not now required to decide whether it is applicable to the case, for the issue as to whether the lift was equipped with the required safety appliance was found for defendant by the jury. The other issues were disposed of adversely to plaintiff by the trial judge. That is the ruling challenged by this appeal.

1. We think it a case of nonliability and that a verdict for defendant could well have been directed. Hegberg was clearly beyond the scope of his authority in inviting the others to the elevator. They were there on no business with defendant, none within the scope of Hegberg's employment, but solely for their own pleasure.

They were using the lift as a plaything. The case therefore is controlled by the rule of such cases as Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598; Adams v. Nathanson, 161 Minn. 433, 201 N. W. 927, and Malmquist v. Hellenic Community of Minneapolis, 163 Minn. 10, 203 N. W. 420.

The general rule is that the master is not liable where the servant in charge of his vehicle goes beyond the scope of his employment to transport his guests for their own convenience or pleasure. Sweeden v. Atkinson Imp. Co. 93 Ark. 397, 125 S. W. 439, 27 L. R. A. (N. S.) 124. That rule is particularly applicable to such a contrivance as a manlift, a one-passenger vehicle so obviously designed for use only by employes who are experienced in its operation. It was applied to a hod elevator in McDonough v. Pelham Hod Elev. Co. 111 App. Div. 585, 98 N. Y. Supp. 90. For a note upon the liability of elevator owners for injuries to trespassers or licensees, see 15 L. R. A. (N. S.) 402.

2. It is argued for plaintiff that the rule res ipsa loquitur applied and also that the manlift was a dangerous instrumentality. We cannot see that either argument, even though we allow its validity, can affect the result. Plaintiff and his wife at the time being were at the best mere licensees and were using the instrumentalities of defendant without its permission and for their own purposes. Under one view, the only duty which defendant owed them was not to injure wilfully. 20 R. C. L. 57; Mazey v. Loveland, 133 Minn. 210, 158 N. W. 44, L. R. A. 1916F, 279. It may be more accurate to say that the duty was to avoid affirmative or active negligence in the management of the property. 2 Minn. L. Rev. 534. But the case cannot in any view come under the rule res ipsa loquitur. That is because the instrument of injury was not at the time being in the exclusive control of defendant. It was being operated by the injured person under circumstances which might indicate that her own want of care contributed to the injury. Mathews v. C. & N. W. Ry. Co. 162 Minn. 313, 202 N. W. 896, and cases cited.

3. Neither does the case come under any rule peculiar to dangerous instrumentalities. To some it might seem that a manlift

is no more dangerous inherently than a team of mules of less than the usual minimum of dependability. Such a team having "a tendency to run away," was held in Dover v. Mayes Mnfg. Co. 157 N. C. 324, 72 S. E. 1067, 46 L. R. A. (N. S.) 199, not to be a dangerous instrumentality. So also as to a defective fly wheel, Loop v. Litchfield, 42 N. Y. 351, 1 Am. Rep. 513, and automobiles, Provo v. Conrad, 130 Minn. 412, 153 N. W. 753.

But all else aside, the agency of injury was not in use by defendant or by its permission at the time being nor off its premises, but had been appropriated to their own convenience by uninvited visitors. They are adults and cannot claim the protection which the law extends to children when they have been suffered to play, to their own hurt, with attractive but dangerous instrumentalities. So it is immaterial whether the instrument be considered dangerous inherently or dangerous only because of the manner of its use. In neither case would liability result. If, under the same circumstances, dynamite or gunpowder had been found on the premises and Mrs. Holmgren had been injured from an explosion resulting from the unauthorized use of the explosive for her own sport, there would have been no liability. Dahl v. Valley Dredging Co. 125 Minn. 90, 145 N. W. 796, 52 L. R. A. (N. S.) 1173.

For plaintiff, much reliance has been put upon Barmore v. Vicksburg S. & P. Ry. Co. 85 Miss. 426, 38 South. 210, 70 L. R. A. 627, 3 Ann. Cas. 594. There the plaintiff had been injured by the negligent act of defendant's servant, acting possibly beyond the scope of his employment in the operation of a railroad tricycle on defendant's rails. The court applied "the well-established principle of law that a master who intrusts the custody and control of a dangerous appliance or agency to the management of a servant will not be permitted to avoid responsibility for injuries inflicted thereby on the plea that the servant, in the particular act complained of, was acting outside the scope of his employment." Without now expressing more than serious doubt whether any sort of a passenger elevator should be considered a dangerous agency within that rule, it must be clear that the manlift now in question cannot be sub-

jected thereto. It was a stationary appliance, as much a part of the equipment of the elevator as any of the machinery. Inherently it was no more dangerous and, if the injuries had occurred because the uninvited visitors had been using some of the machinery for their own sport, certainly it would have been at their own hazard and without liability to defendant. The dissent of Mr. Chief Justice Whitfield in the Barmore case indicated that the majority view carried the dangerous instrumentality rule to an extreme length. But applied even to that extent, it cannot include, for the benefit of any unauthorized user, any instrumentality, however dangerous, which is part of a mechanical or manufacturing plant and which to any adult observation appears at once to be solely for the use of employes. There is no rule imposing upon the master liability for the results of the clearly unauthorized use of such an instrumentality by an adult trespasser or licensee.

Order affirmed.