OTTO MESSENBRING, SR. v. C. C. BLACKWOOD.[1]

April 8, 1927.

No. 25,957.

**Judgment notwithstanding verdict sustained by evidence.**
The evidence failed to prove that an auto driven by an employe of the defendant owner was being used in his business at the time of a collision resulting in the death of the plaintiff's intestate, and the court rightly directed judgment for the defendant notwithstanding the verdict.

[1]Reported in 213 N. W. 541.

Judgments, 33 C. J. p. 1184 n. 51.
Master and Servant, 39 C. J. p. 1360 n. 61; p. 1365 n. 41 New.

See note in 1 L. R. A. (N. S.) 215; 9 L. R. A. (N. S.) 1035; 14 L. R. A.
(N. S.) 216; 21 L. R. A. (N. S.) 93; 26 L. R A. (N. S.) 382; 33
L. R. A. (N. S.) 81; 37 L. R. A. (N. S.) 834; 47 L. R. A. (N. S.) 662;
L. R. A. 1916A, 957; 2 R. C. L. 1199; 1 R. C. L. Supp. 733; 5 R. C. L.
Supp. 139; 6 R. C. L. Supp. 134.

Plaintiff appealed from a judgment of the district court for Scott county, Tifft, J. Affirmed.

*F. C. & H. A. Irwin* and *W. H. Leeman,* for appellant.

*Snyder, Gale & Richards,* for respondent.

DIBELL, J.

Action to recover damages for the death of the plaintiff's intestate. There was a verdict for the plaintiff for $3,368. The court granted defendant's motion for judgment notwithstanding the verdict, and the plaintiff appeals from the judgment.

The accident occurred between 7 and 8 o'clock in the evening of September 19, 1924. The decedent was driving a light wagon coming into Shakopee, and was run into and killed by a truck owned by the defendant and driven by one Hokanson. There is no particular claim that there was not evidence of actionable negligence on the part of Hokanson. The contested question is whether Hokanson was acting for the defendant at the time.

The defendant lived in the vicinity of Shakopee and had two milk routes to Minneapolis. He drove a truck on one route and Hokanson was employed to drive a truck on the other. On the morning of the nineteenth Hokanson drove over his route to Minneapolis and reached home on his return about one in the afternoon. There was no more milk hauling that day. Hokanson claims that he was moving from one farm to another southerly of Shakopee, making two trips in the afternoon, and that at the time of the accident he was driving from his home into Shakopee to buy groceries for his family. His testimony is not disputed, and no reason is apparent why it should be discredited. Hokanson at times drove the truck in hauling

for the lumber yard at Shakopee, or in draying, and divided the earnings with the defendant. There is no evidence that on the nineteenth he did draying. There is a suggestion that he might be going to Shakopee for gasolene for his next morning's trip to Minneapolis. The evidence negatives such purpose or its necessity. The evidence indicates that Hokanson when he chose used the truck for his own purposes, such as driving into Shakopee with his family.

From the fact that the defendant owned the car and that Hokanson was in his employ it might be inferred and found by the jury, no facts overcoming such an inference, that he was using it in the line of his employment. This or its equivalent has been said over and over again and the application of the principle has brought varying results. Simpson v. Egler, 166 Minn. 501, 207 N. W. 724; Malmquist v. Hellenic Community, 163 Minn. 10, 203 N. W. 420; Elliason v. Western C. & C. Co. 162 Minn. 213, 202 N. W. 485; Adams v. Nathanson, 161 Minn. 433, 201 N. W. 927; Fostrom v. Grossman, 161 Minn. 440, 201 N. W. 929; Stoneman v. Washburn-Crosby Co. 153 Minn. 331, 190 N. W. 605; Piepho v. M. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998; Behrens v. Hawkeye Oil Co. 151 Minn. 478, 187 N. W. 605; Moore v. P. J. Downes Co. 150 Minn. 333, 185 N. W. 395; Robinson v. Pence Automobile Co. 140 Minn. 332, 168 N. W. 10; Provo v. Conrad, 130 Minn. 412, 153 N. W. 753; Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598.

There was nothing in the use of the truck by Hokanson which justified the jury in disregarding his claim that he was using it for a personal purpose. His day's work for the defendant was at an end when he returned from Minneapolis. Afterwards he used the auto in work personal to himself. His work was not incidental to work to be done for the defendant the next day. Perhaps it would have been well if the defendant had testified. But he was not at the accident, knew nothing of it, and the mere absence of his testimony with nothing to show that his testimony would be unfavorable to himself or favorable to the plaintiff should not change the result.

Judgment affirmed.