# LENORA LUND v. EMMETT OLSON AND ANOTHER.[1]

June 12, 1931.

No. 28,441.

*Tautges, Wilder & McDonald,* for appellant.
*Leo J. Seifert,* for respondent Olson.
*Merriam & Wright,* for respondent Lund.

HOLT, J.

The appeal is by plaintiff from the judgments herein in favor of defendants Einar A. Lund and Emmett Olson.

The action arose out of an automobile collision wherein plaintiff, the nine-year old daughter of defendant Lund, was severely injured. Large verdicts were rendered against Fox, who drove defendant Olson's car, and against Ehlers, the servant and driver of defendant Lund's car, in which the little girl was riding when injured. The appeals of Fox and Ehlers were disposed of in Lund v. Olson, 182 Minn. 204, 234 N. W. 310, where the facts are more fully set out.

As to defendant Lund the court granted the motion made in his behalf for judgment on the pleadings when the trial opened. Plain-

[1]Reported in 237 N. W. 188.

tiff concedes it to be the law of this state that a parent is not liable, in damages for torts committed against a minor child of such parent. Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763; Miller v. Pelzer, 159 Minn. 375, 199 N. W. 97, 33 A. L. R. 678. But the contention is that the fact that in this case the parent carried liability insurance and his insurer defends should alter the rule. The argument is not sound nor in the interest of impartial justice. Moreover, there was liability insurance in Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763, which fact was there given no effect.

Over plaintiff's objection the court directed a verdict in favor of Olson when the parties rested. The evidence is without dispute that Olson occasionally employed Mrs. Fox to clean a cottage he owned in the southerly suburbs of Fairmont. She had done so on six occasions at irregular intervals. Her regular work was in a restaurant, but she evidently had the privilege of earning a little on the side when opportunity offered. In going to the cottage and returning she used her husband's car three times, and the other three times she was permitted to take Olson's. Olson was conducting a public garage and also a fuel business, the stock or yard of which was located on the railroad tracks a few blocks northeast of the garage. He used a Buick car in going between the two places as occasion required.

On the day of the accident Olson telephoned Fox that he wished her to clean up the cottage. She came to the garage and told Olson her husband was using their car. Olson said she could take his, parked outside; but to bring it right back as he might want to use it. She drove out to the cottage, did a quick job, as Olson had requested, and returning drove the usual route toward Olson's place of business until she came to Webster street; then, having determined to go to her grandmother's home for a vacuum cleaner to take to her own home, she turned east on Webster street and, within a block or so, after having deviated from the course to Olson's garage, the collision took place.

The going for the vacuum cleaner was purely for a purpose of her own. Nothing had been said to Olson of her intention so to do.

In fact it is rather to be regarded as contrary to his command; for he had told her that he was anxious to have the car back as soon as possible. There seems to be no conflict in the evidence as to the fact that Mrs. Fox was driving Olson's car upon an errand personal to herself and at a place where she should not have been driving as a servant or agent of Olson when the collision occurred. That being so, the following cases justify the order of the learned trial court directing a verdict for Olson: Provo v. Conrad, 130 Minn. 412, 153 N. W. 753; Moore v. P. J. Downes Co. 150 Minn. 333, 185 N. W. 395; Adams v. Nathanson, 161 Minn. 433, 201 N. W. 927; Malmquist v. Hellenic Community, 163 Minn. 10, 203 N. W. 420; Stauffer v. Schilpin, 167 Minn. 301, 208 N. W. 1004; Holmgren v. Red Lake Falls Mill. Co. 169 Minn. 268, 210 N. W. 1000; Messenbring v. Blackwood, 171 Minn. 105, 213 N. W. 541.

The undisputed evidence and the facts herein do not justify a jury in finding that Mrs. Fox was the servant or agent of Olson when the collision occurred, within the rule of law held applicable in Mulvehill v. Bates, 31 Minn. 364, 17 N. W. 959, 47 Am. R. 796 (the team intrusted generally to the servant for driving on the streets); Langworthy v. Owens, 116 Minn. 342, 133 N. W. 866 (conflicting testimony for the jury); Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745 (family car which the son was usually permitted to drive); Fransen v. Kellogg T. C. F. Co. 150 Minn. 54, 184 N. W. 364 (servant intrusted generally with a delivery truck); Behrens v. Hawkeye Oil Co. 151 Minn. 478, 187 N. W. 605 (like the Fransen case); Stoneman v. Washburn-Crosby Co. 153 Minn. 331, 190 N. W. 605 (like the Fransen case); Fostrom v. Grossman, 161 Minn. 440, 201 N. W. 929. The last case cited is contrasted with Adams v. Nathanson, 161 Minn. 433, 201 N. W. 927, in Malmquist v. Hellenic Community, 163 Minn. 10, 203 N. W. 420.

The judgments are affirmed.