### WESLEY B. BELLESON v. JOHN R. SKILBECK AND ANOTHER.[1]

March 24, 1932.

Nos. 28,767, 28,963.

[1]Reported in 242 N. W. 1.

*Smith, Callahan & Carlson, Edward J. Kotrich,* and *William J. Hughes, Jr.* for appellant.

*Sexton, Mordaunt, Kennedy & Carroll,* for respondents.

OLSEN, J.

The plaintiff appeals from a judgment in favor of the defendant John R. Skilbeck and from an order sustaining a demurrer to the complaint by the defendant Central Surety & Insurance Corporation.

The plaintiff brings the action to recover for personal injuries caused in an automobile collision. The action is against John R. Skilbeck and Central Surety & Insurance Corporation. As against Skilbeck the complaint alleges that Skilbeck and one L. B. Belleson were copartners, engaged in the grocery business in Minneapolis; that on October 15, 1929, the said partnership owned an automobile; that said automobile was on said day being driven and operated by said Belleson as agent of and in the course of the business of said partnership; that plaintiff was a passenger in the automobile; that while the automobile was so driven and operated by Belleson upon a public street in Minneapolis, with plaintiff as a passenger therein, Belleson so negligently drove and operated the car as to

collide with another automobile and thereby caused plaintiff's injuries. By the answer of Skilbeck and the reply it is admitted that L. B. Belleson is the father of the plaintiff, a minor child about eight years of age. The insurance company is joined as defendant on the ground that it had insured the partnership against liability on account of injuries sustained by third persons because of the negligent operation of the automobile of the partners.

The appeals present the question of whether Belleson, the father of the plaintiff, is liable in damages for negligence causing injury to his child, the child being about eight years of age and not emancipated.

By G. S. 1923 (2 Mason, 1927) §§ 7396, 7398, the partners are made jointly and severally liable for any negligence by one partner acting in the ordinary business of the partnership, or with the consent of his copartners, to the same extent as the partner guilty of such negligence. By these sections the liability of a partner other than the one whose negligence caused the damage is made no greater and no less than the liability of the one causing the injury. If the partner whose negligence caused the damage is not liable, another partner, not negligent, is not liable.

Under the common law a parent was not liable to his unemancipated minor child for damages on account of negligence, and no action could be brought against the parent on that ground. So far as this court has been called upon to pass upon that question, the same rule has been established in this state. As a general rule a minor cannot sue his parent for tort unless emancipated. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7308. A minor child not emancipated cannot sue his parent for negligence. Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763; Miller v. Pelzer, 159 Minn. 375, 199 N. W. 97, 33 A. L. R. 678; Lund v. Olson, 183 Minn. 515, 237 N. W. 188; Foley v. Foley, 61 Ill. App. 577; Smith v. Smith, 81 Ind. App. 566, 142 N. E. 128; Elias v. Collins, 237 Mich. 175, 177, 211 N. W. 88, 52 A. L. R. 1118; Rawlings v. Rawlings, 121 Miss. 140, 151, 83 So. 146, 7 A. L. R. 1259; Mannion v. Mannion, 3 N. J. Misc. 68, 129 A. 431; Ciani v. Ciani, 127 Misc. Rep. 304, 215 N. Y. S.

767; Small v. Morrison, 185 N. C. 577, 118 S. E. 12, 13, 31 A. L. R. 1135; Matarese v. Matarese, 47 R. I. 131, 131 A. 198, 42 A. L. R. 1360; McKelvey v. McKelvey, 111 Tenn. 388, 77 S. W. 664, 64 L. R. A. 991, 102 A. S. R. 787, 1 Ann. Cas. 130; Roller v. Roller, 37 Wash. 242, 79 P. 788, 68 L. R. A. 893, 107 A. S. R. 805, 3 Ann. Cas. 1; Wick v. Wick, 192 Wis. 260, 212 N. W. 787, 52 A. L. R. 1113.

There are cases to the contrary, some of them well reasoned and persuasive, others based on statutes of the particular state. But the rule has been followed as the law of this and other states for so long a time that we do not feel justified in departing from it. If there is to be a change, it should be made by the lawmaking department of the state rather than by the courts.

The holding we have made disposes of these appeals. There being no liability against Belleson, there is none against his partner; and, there being no liability against the insured, none resulted against the insurer.

Other questions are argued as to the right to join the insurer in this kind of an action. We do not find it necessary here to determine that question.

The judgment and order appealed from are affirmed.