OLA MOORE, AS ADMINISTRATRIX OF THE ESTATE OF FRANK S. MOORE, DECEASED v. P. J. DOWNES COMPANY AND RAYMOND E. COPELAND.[1]

November 25, 1921.

No. 22,386, 22,439.

**Servant not within course of his employment — judgment in favor of master notwithstanding verdict.**

1. Action for wrongful death caused by an automobile driven by the owner's agent. *Held*, that the proofs were such as to justify an order for judgment in favor of the owner, notwithstanding the verdict.

**Verdict against driver of car sustained.**

2. Evidence considered and *held* sufficient to support the verdict against defendant Copeland.

**Damages not excessive.**

3. The amount of the verdict is not excessive.

[1]Reported in 185 N W. 395.

**Charge to jury.**
> 4. The charge was full and fair and there was no error in refusing to give the requested instruction nor in informing the jury that the given requests were those of the defendant.

Action in the district court for Ramsey county to recover $7,500 for the death of plaintiff's intestate. The case was tried before Molyneaux, J., who when plaintiff rested denied defendants' motions to dismiss the action and for directed verdicts, and a jury which returned a verdict for $4,000. From an order granting defendant Downes Company's motion for judgment notwithstanding the verdict, plaintiff appealed. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, Raymond E. Copeland appealed. Affirmed.

*Chester L. Caldwell* and *Patrick J. Ryan,* for plaintiff.

*Lancaster, Simpson, Junell & Dorsey* and *Leavitt R. Barker,* for defendants.

QUINN, J.

On November 18, 1916, Frank Moore, while crossing University avenue in the city of St. Paul at its intersection with Avon street, was struck and thrown to the pavement by an automobile driven by Dr. Hammes. As he rose up onto his elbow he was run over and killed by a car owned by the defendant Downes Company and driven by its agent, Raymond E. Copeland. Plaintiff brought this action, as administratrix of the estate of Moore, against the Downes Company and Copeland, to recover for the benefit of herself and two children. There was a verdict for plaintiff against both defendants in the sum of $4,000, and from a judgment entered after this appeal upon an order granting the defendant Downes Company's motion for judgment notwithstanding the verdict, plaintiff appeals. The defendant Copeland also appeals from an order denying his motion for judgment notwithstanding the verdict, or for a new trial.

The principal contention of the Downes Company upon the trial was that it was not liable for Copeland's negligence, upon the ground that at the time of the accident Copeland was not acting within the scope of

his authority or in the course of his employment. That phase of the case presents the only question here for determination under plaintiff's appeal.

The testimony bearing upon Copeland's employment and his use of the car which he was driving at the time of the accident, was in effect as follows: The Downès Company furnished him a car referred to as a demonstrator, with which to drive about in search of prospective customers and in making sales. This car was of the type and kind which he was selling and he used it for the purpose of showing its merits. He was not restricted nor instructed in its use in the details of making sales, but was left to his own judgment and resources in finding customers and making sales. He had no fixed hours and at times worked evenings. He used this car with his employer's consent at times for minor errands and conveniences to himself. On the night in question Copeland undertook to demonstrate the car to one Peterson, a prospective purchaser who lived at Cedar and Thirty-First, Minneapolis. There were at Peterson's home two friends from St. Paul. After driving Peterson and his friends about for a while for the purpose of showing the car, he returned to Peterson's home and talked for some time about the merits of the car. When the two friends were about to leave for St. Paul, Copeland offered to take them there in his car. They were staying in St. Paul about two blocks south of University avenue and four or five blocks west of Avon street. On his way to St. Paul Copeland stopped in Minneapolis at a drug store and took a friend with him for company on his return. He turned off University avenue at a point four or five blocks west of Avon street, left Peterson's friends at their destination and started to return. As he approached University avenue he looked for a place where he might get some cigarettes. It was about 11 o'clock at night. He observed an open place several blocks to his right on University avenue toward St. Paul. Instead of turning to his left toward Minneapolis, he turned to his right for the purpose of getting some cigarettes. While going in that direction a car driven by Dr. Hammes passed him. As he approached Avon street three blocks distant from where he turned onto University avenue and while driving

east some 30 or 40 feet in the rear of Dr. Hammes' car, he ran over Moore as stated.

The important question upon plaintiff's appeal is whether Copeland was, under the facts shown, engaged at the time of the accident within the course of his employment, or whether he was so far engaged upon an errand personal to himself that it must be said as a matter of law that he had parted with his employment and quit his employer's business, thus exempting the latter from liability on account of his negligent driving. The general rule is that the master is liable for the acts of his servant done in the course of his employment, but is not liable, although the servant has possession of his car, if the servant is using it for his own purposes. Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745. In determining this question the discretion with which the servant is vested in the performance of his duties and whether the manner of the use of the vehicle had express or implied consent of the owner, may be considered. It is clear from the facts stated that Copeland parted with his employment when he left the Peterson home for St. Paul. It cannot be said that from that time on he was engaged in the work of his employer, and especially was this true at the time of the injury. He was then in pursuit of his own affairs. Provo v. Conrad, 130 Minn. 412, 153 N. W. 753; Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L.R.A.(N.S.) 598.

As to the Copeland appeal there was evidence tending to show that he was driving from 20 to 35 miles per hour; that Dr. Hammes was traveling in about the middle of the right hand side of the street; that Copeland was in line with and from 35 to 40 feet back of him; that Hammes suddenly turned his car to the right to avoid striking Moore, who was crossing the street; that the left rear fender of his car struck Moore and knocked him down onto the pavement and that Copeland turned to the left and ran over Moore as he attempted to arise. Hammes adjusted his liability by paying $2,200. This appeal involves only the liability of the defendant Copeland. It was 11 o'clock at night. University avenue is one of the main thoroughfares of the Twin Cities. Appellant was driving so close to the rear of the head car and at such a rate of speed that he was forced to turn to the left instead of slowing

· down in the usual manner in .order to avoid colliding, with it. As his car turned to the left it ran over the deceased. Whether appellant was driving at an excessive rate of speed under the circumstances and failed to exercise due watchfulness for pedestrians crossing the street, was a matter for the jury under proper instructions.

At the time of his death Moore was 46 years of age and was earning $36 per month, his board and the rental of the rooms in which he lived with his wife and daughter, as a laborer on a dairy farm. The verdict is not so large as to warrant any interference by this court. Conley v. Louis F. Dow Co. 130 Minn. 186, 153 N. W. 323, 593; Lawler v. Minneapolis, St. P. & Sault Ste. M. Ry. Co. 129 Minn. 506, 152 N. W. 882.

The issues were fully and fairly submitted to the jury and we find no error in the refusal to give the requested instructions, nor in informing the jury that the given requests were made by the defendants. Curran v. Chicago G. W. R. Co. 134 Minn. 392, 159 N. W. 955.

The judgment appealed from and the order denying the defendant Copeland's motion for judgment or a new trial are affirmed.