## Cassidy, Appellant, v. Evans.

Argued November 24, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Harry M. Penneys,* with him *Matthew K. Stevens,* for appellant.

*Frank R. Ambler,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, January 5, 1942:

In this action, brought to recover damages for personal injuries, the jury found for defendant. Plaintiff complains that the verdict was unwarranted under the evidence and specifically of statements made by the trial judge in his charge relative to the drinking of the parties.

On the afternoon of April 16, 1939, Easter Sunday, defendant, Evans, and one Buehler, were in a club in Philadelphia. Just how long they had been there does not appear. Plaintiff, Cassidy, came into the club about four o'clock and met them. The three were acquainted. Asked on cross-examination as to how many drinks of

beer they had after his arrival, Cassidy said, "I don't know. Three or four." Evans fixed the number at four. About five o'clock they concluded to drive to Atlantic City. They went in Buehler's car and arrived there in the neighborhood of seven o'clock. Buehler drove. They parked the automobile and repaired to a taproom, where they had more drinks. Cassidy said he did not know whether two or three, that he did not count them. Defendant testified they "got a few beers in there. I think three." They walked on the Boardwalk for about three-quarters of an hour and then entered the car to return to Philadelphia. It was raining. Instead of Buehler, the owner, Evans, the defendant, drove. When they reached a point about thirty miles from Atlantic City, a car was in front of them, proceeding in the same direction they were. Both cars were on the right side of the road, which is a' four-lane highway. The car ahead, so its driver testified, was going thirty-five to thirty-nine miles an hour (the speed limit is forty miles), and Evans decided to pass it. To do so, he pulled to the left, and when he thought he had cleared the other car, veered to the right. He had not, however, made the clearance. The right rear of his automobile struck the left front of the other one. Defendant's car turned over, righted itself, struck a telephone pole, which it cut in half, and ran about one hundred feet beyond it before stopping. Buehler died as the result of the injuries he received, Cassidy was quite severely injured, whereas Evans apparently was only slightly hurt. The defense was that plaintiff was contributorily negligent, by riding in the car, with Evans driving while intoxicated.

Plaintiff's specific complaint in asking that the verdict and judgment be set aside and that another trial be directed (the case has been tried twice, the jury having disagreed on the first) is as to the statement by the trial judge in his charge, "These men [plaintiff and defendant] started upon a drinking bout somewhere in Philadelphia. They transferred their thirst to Atlantic City."

He argues that this prejudiced his case with the jury. The trial judge himself thinks the use of the word "bout" was an inelegant expression. We might go further in characterizing it, but we are not convinced that it prejudiced plaintiff's case, or brought about the adverse result to him, as he contends, when the disinterested testimony, relating to the extent of the drinking which must have been indulged in, is taken into account. It must be borne in mind that both plaintiff and defendant were interested to minimize the extent of the drinking, the former to combat the allegation of contributory negligence, and the latter, to counter a possible criminal charge of drunken driving.

Rubla, a policeman with twenty-seven years of service, who talked with defendant, said he was too drunk to know what had happened. "I asked him what happened. He couldn't tell me. He was so drunk he couldn't tell me what had happened", that when he was given the test of walking a straight line, he had to catch him two or three times. He could not write his name, smelled strongly of liquor, and was very boisterous· and profane. Dean, a member of the New Jersey State Police, said Cassidy, the plaintiff, told him he knew nothing about the accident, that he was asleep when it happened and had been since shortly after they left Atlantic City. As to Evans, the officer said he could not walk, his speech was very thick, he had a strong odor of liquor, was very boisterous and was swearing. Dr. Esposito, who examined Evans and subjected him to tests to determine drunkenness, testified he found him suffering from acute alcoholism, and that his condition could not be produced by shock. He said he was not fit to drive an automobile.

In the light of this disinterested testimony, there was ample warrant for the jury to find that drunkenness was the cause of the accident, and that plaintiff, in putting himself in the hands of defendant, as driver of the car, took the risk of his condition, and was not entitled to recover. The case is very different from *Marcu v. Gott-*

*lieb,* 302 Pa. 398, 153 A. 719, cited by appellant, in which Chief Justice FRAZER pointed out that the trial judge had discredited the case in the eyes of the jury, when nothing appeared in the testimony to warrant his so doing. Here, the witnesses, who had no interest in the cause, furnished the proof that the accident came about through intoxication and furnished the ground for the fair and reasonable inference that plaintiff should have known that defendant was unfit to drive the automobile.

Judgment affirmed.