## CLEMENS v. UNITED STATES.

Civ. No. 1362.

United States District Court
D. Minnesota, Third Division.

Aug. 13, 1949.

Clifford W. Gardner, of St. Paul, Minn., for plaintiff.

John W. Graff, U. S. Atty., and James J. Giblin, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This action was commenced by plaintiff to recover damages for personal injuries attributed to the negligence of defendant, as permitted under the recently enacted Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq., as amended [now §§ 1346, 2671 et seq.].[1]

---

[1] "Subject to the provisions of this chapter, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, * * * sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, * * * on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages * * *." 28 U.S.C.A. § 931(a) [now § 1346].

By answer defendant admits the accident, the ownership of the offending vehicle, that the vehicle at the time of the accident was being operated by a member of the United States Army, and that the action is brought under the Federal Tort Claims Act. It denies negligence, alleges contributory negligence, and pleads a general denial. The answer is silent on the matters of "scope of * * * employment" and whether the operator of the vehicle was driving it "in line of duty."

The matter is now before the Court on defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The motion is supported by the affidavit of Major Jack Sabo (retired), who, at the relevant times herein, was Post Provost Marshal at Fort Snelling, Minnesota, and in "Charge of Training and Supervision of Military Personnel in the security of the Military Reservation at Fort Snelling * * * (General Order No. 18—May 15, 1945 * * *.)" Sabo describes the territory to which Paul R. Ellis, the driver of the automobile which struck plaintiff, was limited in his line of duty. Sabo and Ellis agree that the accident occurred outside the Post, and beyond the route descibed as "MP Motor Patrol, Post No. 3", which Ellis was pledged to follow during the scope of his employment on the day of the accident. The site of the accident was clearly out of bounds for Ellis, if Sabo is to be believed. However, at the time of the accident, one Louis J. Perkins, a soldier then stationed at Fort Snelling, was a passenger in the vehicle being operated by Ellis. The depositions of Ellis and Perkins suggest exceptions to the rule set forth in Sabo's affidavit. For instance, Ellis deposes that it was not uncommon for such motor patrol to leave the limited route for the purpose of "making trips into town * * * to pick up prisoners * * * and do other business", such as checking taverns for army personnel and observing whether they were conducting themselves in an orderly manner. Perkins deposed that following the accident a police officer of the City of St. Paul interviewed Ellis while plaintiff was still lying on the street awaiting the arrival of an ambulance, and that Ellis told the police officer that he was responding to a telephone call which required him to go to town and in a somewhat vague manner we are led to believe, if Perkins is telling the truth, that "there was an MP Sergeant there * * * in St. Paul." To some extent this is corroborated by said Police Officer, one Odean Jackson, who, in an affidavit opposing defendant's motion, says that "Ellis told him [Jackson] at the time [of the accident] that he was 'on official United States Government business and that he had permission and the right to use the vehicle' at the time this accident occurred." Of course, it may well be that Ellis, who was not under oath at the time of the police inquisition, realizing he might be subject to arrest by the civil authorities for one reason or another, was impelled to depart from truth and accuracy in responding to the questions of Officer Jackson. Be that as it may, there seems to be sufficient grounds in the file of this matter, as it presently stands, to warrant a denial of the motion for summary judgment.

The situation here is unlike that of the sailor "running to board a troup train" as in United States v. Campbell, 5 Cir., 172 F.2d 500, 501; or that of the recruiting officer who went beyond the point of duty assigned to him in order to be with his family on Sunday, as in Rutherford v. United States, D.C. Tenn., 73 F.Supp. 867; or of the civilian War Department employee who "deliberately drove * * * 20 miles beyond his instructed destination" to visit his mother, as in Long v. United States, D.C.Cal., 78 F.Supp. 35, 36; or of the Claims Officer who proceeded in an Army jeep to Miami Beach, "consumed considerable alcohol, [and] was, * * * going to breakfast when the accident occurred", and was not at the time about the business of the Government, as in Hubsch v. United States, 5 Cir., 174 F.2d 7, 8. In the cases cited by defendant the driver of the vehicle in each instance was clearly using the car outside the scope of his employment.

In the case at bar there is sufficient information before the Court to establish the possibility of proof at trial that the authority who directed Ellis by telephone to

leave the Post and route regularly followed by him and proceed to town, may have been an Army officer of equal rank and authority as Major Sabo. In any event, it would have been an easy matter to question Ellis further, relative to the Perkins assertion that Ellis told Officer Jackson that he was acting in line of duty when the accident occurred.

Defendant makes the point that Ellis was substituting for another driver at the time in question. Assuming this to be so, and that Ellis was unauthorized to drive under the circumstances, it is my opinion that if the vehicle was being operated in Army business it would not free defendant from liability under the Federal Tort Claims Act.

On the present record it is not entirely clear to me what the truth is relative to whether Ellis was or was not acting within the scope of his employment. This necessitates a trial of the issues in the case.

The motion for summary judgment is denied, and it is so ordered.