**CLEMENS v. UNITED STATES.**

Civ. A. No. 1362.

United States District Court
D. Minnesota, Third Division.

Feb. 24, 1950.

972

Clifford W. Gardner, St. Paul, Minn., for plaintiff.

Clarence U. Landrum, U. S. Atty., James J. Giblin, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff sued to recover damages for personal injuries under the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq., as amended [now §§ 1346, 2671 et seq.],[1] hereinafter referred to as the Act.

Plaintiff, 42 years of age, had alighted from a street car at an appropriate intersection on a public street in the City of St. Paul, and was attempting to cross the street, at about 9:30 p. m. on June 2, 1946, when she was struck by a United States Army motor vehicle. The car was one of many motor vehicles in use at Fort Snelling at the time. She sustained severe personal injuries, which included multiple fractures of the pelvis, and as a result was hospitalized for a considerable period of time.

The Fort is on the outskirts of the City of St. Paul, and is easily accessible by street car or motor vehicle. According to routine assignments on said date, a private by the name of Perkins was to go on duty about 9 p. m., and Private Paul R. Ellis was to go on patrol duty at 11 p. m., as drivers of the car which was to be used in connection with work of the military police on motor post patrol. Perkins and six other soldiers were assigned to the patrol, the seventh soldier being used as a relief man. The duties of the members of the patrol on June 2, 1946, were to patrol the post and to pick up designated personnel attached thereto and convey them to points on the defendant's reservation at Fort Snelling. At about the hour Perkins would go on duty as chauffeur of the car he met Ellis at an entrance to Fort Snelling near what has been described as the Seventh Street Bridge, at which time Perkins asked Ellis if he would take over the driving of the car at 9 p. m. and convey him to Seven Corners in downtown St. Paul, so as to permit Perkins to meet

1. "Subject to the provisions of this chapter, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, * * * sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, * * * on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages * * *." 28 U.S.C.A. § 931(a) [now § 1346].

his girl friend. Ellis testified that he did so substitute for Perkins. While off the reservation, and during a departure from the specified official route for that day, he met with the accident which caused the injuries plaintiff sustained.

Plaintiff attributes her injuries to the negligence of defendant, claiming that prior to and at the time the Army car struck her, Ellis was acting within the office and scope of his employment, requiring defendant to respond in damages, as provided by said Act.

Relying on freedom from negligence and the claim that plaintiff's negligence contributed to the cause of the accident, the government also contends that at the time thereof, Ellis was disobeying his superiors' orders, which limited use of the car to a specified area, the site of the accident being without and remote therefrom; further, that Ellis was not acting within line of duty, office and scope of employment prior to and at the time of the accident.

■ This matter was before the court on defendant's motion for summary judgment. The motion was denied for reasons set forth in D.C., 85 F.Supp. 463. With all the facts now before the court, the first question of importance is whether, prior to and at the time of the accident, Ellis was "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant * * * in accordance with the law of the place where the act or omission occurred." In other words, the law of Minnesota controls in that respect. United States v. South Carolina State Highway Dept., 4 Cir., 171 F.2d 893, at page 897.

■ For present purposes Ellis may be considered an employee of defendant.[2] Under the Act, it was clearly the intent of Congress to measure and limit the defendant's liability in this case under the doctrine of respondeat superior, as provided by state statutes and the law declared by the Supreme Court of Minnesota. United States v. Campbell, 5 Cir., 172 F.2d 500.

■ The Minnesota Motor Vehicle Safety Responsibility Act, 12 M.S.A. § 170.54, provides that in the operation of a motor vehicle "by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall * * * be deemed the agent of the owner of such motor vehicle in the operation thereof." The statute has broadened the operative field of the rule of respondeat superior.[3]

■ Was the Army car operated upon the city street where and when the accident occurred with the owner's consent? This is a fact question. Ballman v. Brinker, 211 Minn. 322, 1 N.W.2d 365; Dunnell's Minnesota Digest, § 5841. Defendant was the owner of the car within the statute. Holmes v. Lilygren Motor Co., Inc., 201 Minn. 44, 275 N.W. 416. The statute designates the operator of the car the agent of the owner. The presumption of agency goes no further than prima facie proof thereof, which may be rebutted by evidence that the owner had not expressly or impliedly consented to the car's use by Ellis, or the purpose for which it was used when it struck plaintiff. Id.[4] The facts here do not permit the application of the general rule pertaining to the

2. "(b) 'Employee of the Government' includes officers or employees of any Federal agency, members of the military or naval forces of the United States * * *.

"(c) 'Acting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States, means acting in line of duty." 28 U.S.C.A. § 941 [now § 2671].

3. Anderson v. Standard Oil Co., 204 Minn. 337, 283 N.W. 571.

4. Moore v. P. J. Downes Co., 150 Minn. 333, 185 N.W. 395; Malmquist v. Hellenic Community, of Minneapolis, Inc., 163 Minn. 10, 203 N.W. 420; Lausche v. Denison-Harding Chevrolet Co., 185 Minn. 635, 243 N.W. 52; Jeffers v. Borgen Chevrolet Co., 199 Minn. 348, 272 N.W. 172; Pearce v. Industrial Commission, 299 Ill. 161, 132 N.E. 440, Dunnell's Minnesota Digest (2nd Ed.) §§ 5839, 5839a, 5840, 5843 and 10403; 18 A.L.R. 525.

agent's slight deviation for self purposes.[5] It seems clear that when the accident occurred Ellis was restricted to use of the car within a prescribed area that did not include the route that led to the accident, and the authority vested in him as agent for defendant did not permit his taking possession of the car for the purpose of acting as a chauffeur for Perkins in pursuit of motives which, at best, were personal, as opposed to the interest of his principal, the defendant in this case. The situation here is analogous to that of an employee using his employer's motor vehicle for purposes outside the scope of his employment without more than an implied consent or permission to use it within such scope, and which does not impose a liability upon the employer. Abbey v. Northern States Power Co., 199 Minn. 41, 271 N.W. 122. The evidence of the instant case opposes consent of the owner in any form because the use to which the car was put violated the superior's express orders, and there was no evidence of probative force proving even custom and practice to the contrary. The fair import of the statute will not permit extension of the language used therein so as to include the circumstances herein relied upon by plaintiff. Adams v. Nathanson, 161 Minn. 433, 201 N.W. 927. Ellis had no such discretionary powers as plaintiff claims for him. His line of duty was limited to patrol of the post, as delineated in the map that controlled and restricted his activities. He denied the suggestion that he was on his way to town to pick up any member of the armed forces or the personnel of Fort Snelling. Ellis testified that he would not leave his line of duty as a member of the patrol even if a General so ordered him. In Minnesota, where the presumption of agency has been overcome by evidence in defendant owners' cases, it is the law that the owner of an automobile is not liable for the negligent acts of his chauffeur committed when wrongfully operating the car outside the scope of his employment and contrary to directions, and using the car in furtherance of personal affairs.[6] Granting that while still at the site of the accident he informed the city police that he was on an official errand[7], he was not then under oath, whereas at the trial of the case he testified that at the time of the accident he was serving a personal purpose opposed to express orders, and obviously contrary to the best interests of his employer. Ellis was not within the scope of his employment, or of the corresponding implied consent to use the car, when he collided with the person of plaintiff. He was out of bounds, disobeying orders, and not performing work within his line of duty.

The court is bound by the cited substantive law of Minnesota, and must deny relief to plaintiff. The conclusion reached makes disposition of the remaining questions unnecessary.

Defendant may submit findings of fact, conclusions of law, order for, and form of judgment.

Plaintiff may have an exception.

5. As a general rule, a master's liability for an injury resulting from the negligent operation of his automobile by an employee, is not affected if the servant, when on business for the master, deviates slightly from the usual or most direct route of travel for some purpose of his own. Fostrom v. Grossman et al., 161 Minn. 440, 201 N.W. 929. See also note to Fisher v. Fletcher, 22 A.L.R., p. 1404.

6. Provo v. Conrad, 130 Minn. 412, 153 N.W. 753; Stauffer v. Schilpin, 167 Minn. 301, 208 N.W. 1004; Messenbring v. Blackwood, 171 Minn. 105, 213 N.W. 541; Lund v. Olson, et al., 183 Minn. 515, 237 N.W. 188; Long v. United States, D.C. Cal., 78 F.Supp. 35, 38; Cropper v. United States, D.C.Fla., 81 F.Supp. 81.

7. Members of the city police department so testified at the trial and Ellis did not deny that he may have made such a statement at the time of the accident, but he could not recall making it.