J. Earl Cooper, U. S. Atty., Ralph E. Moody, Asst. U. S. Atty., Gerald F. McLaughlin, Asst. U. S. Atty., all of Anchorage, for defendant.

## TUCKER v. UNITED STATES.
### No. A-5911.

United States District Court, Alaska Third Division Anchorage.

June 26, 1950.

DIMOND, District Judge.

Plaintiff was accidentally injured while riding on a speeder owned and operated by the Alaska Railroad, an instrumentality of the United States' Government. At the time of the accident, in which plaintiff sustained the injuries complained of, the speeder was being operated by George Oulette, then and theretofore employed by the Railroad as a speeder operator on the section of the railroad where the accident occurred. At that time, Oulette was not operating the speeder in performance of his duty for the railroad but he was using it for his own purposes and in contravention of orders. While he had access to the speeder at all times, he had no right or authority to operate it at all except pursuant to direct and distinct orders from an official superior.

This action is brought under the Federal Tort Claims Act, Title 28, U.S.C.A. § 1346(b), which provides in part as follows: "Subject to the provisions of chapter 171 of this title, the district courts, together with the District Court for the Territory of Alaska, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

No question arises as to the employment of Oulette, because it is acknowledged that he was in the employ of the United States Government; nor as to his negligence which brought on the accident and the resulting injuries to plaintiff, because it is clear beyond question that Oulette was negligent. It is only necessary to determine whether at the time of the accident Oulette was acting within the scope of his employment. Counsel for defendant has cited and emphasized the case of Philadelphia & Reading Railroad Co. v. Derby, 1852, 14 How. 468, 55 U.S. 468, 14 L.Ed. 502. If in point, that opinion might well be controlling, but it is not in point. In the Derby case, the engineer was performing service for the railroad although in disobedience of orders forbidding him to operate the engine over the particular track where the accident occurred. In the instant case there is not even a pretense that Oulette was performing any service for the railroad. It is clear that Oulette was operating the speeder for his own pleasure, or for the accommodation of others not employed by the railroad, or both. The mere fact that Oulette was entrusted with the use of the speeder, to be so used under orders, was not sufficient to bring his acts within the scope of his employment.

The Restatement on the subject of Agency says:

"Sec. 235. An act of a servant is not done within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed. * * *"

"Sec. 238. A master is liable for harm caused by the use of instrumentalities entrusted by him to a servant only if they are used within the scope of employment."

That rule has been given ample judicial support: Clemens v. United States, D.C. Minn.1950, 88 F.Supp. 971; Long v. United States, D.C.S.D.Cal.1948, 78 F.Supp. 35; King v. United States, 5 Cir., 1948, 178 F.2d 320; Cropper v. United States, D.C.Fla. 1948, 81 F.Supp. 81; Murphey v. United States, D.C.N.D.Cal.1948, 79 F.Supp. 925; Rutherford v. United States, D.C.E.D. Tenn.1947, 73 F.Supp. 867.

An illuminating exposition of the subject generally is to be found in "Problems Under the Federal Tort Claims Act" by Honorable Leon R. Yankwich, United States District Judge, Southern District of California, 9 F.R.D. 143.

The finding is that at the time of the accident Oulette was not acting within the scope of his employment.

Judgment for defendant.