Louis Gordon, Harrisburg, Pa., for plaintiff.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., for defendant.

FOLLMER, District Judge.

**STEKOVICH v. UNITED STATES.**

Civ. No. 3063.

United States District Court
M. D. Pennsylvania.

Feb. 26, 1952.

This is an action instituted under the Federal Tort Claims Act[1] by the Administrator of the Estate of George Stekovich, deceased, seeking to recover damages for the death of said George Stekovich, which occurred by reason of an accident while he was a passenger in a Government owned vehicle. The facts are:

Corporal Joseph J. Manion and other soldiers stationed at Olmstead Field, Middletown, Pennsylvania, were assigned to Military Police Patrol at Harrisburg, Pennsylvania, on the evening of October 5, 1946. He was instructed to take an Army Staff car, pick up another member of the patrol and drive to Harrisburg, Pennsylvania, where he was to park the automobile at the City Police Station and thereafter report

1. 28 U.S.C. § 921 et seq., now 28 U.S.C. § 2671 et seq.

926

to the Sergeant in charge of the patrol at the Pennsylvania Railroad Station. He did so report and was assigned to foot patrol in the City of Harrisburg. He was instructed that the vehicle would thereafter be used only for the trip back to Olmstead Field at the termination of the patrol, and that if a car was needed the Sergeant in charge would use his own Staff car. At the time when Corporal Manion was supposed to be on patrol duty, he went to the City Police Station, took the Staff car which he had driven to Harrisburg, and without any authority to do so, and for no purpose connected in any manner with his patrol duties, proceeded on a pleasure trip to Steelton and Hershey, Pennsylvania.

George Stekovich joined the party at the first cafe visited in Steelton. There ensued a tour of cafes at Steelton and Hershey, during which the members of the party drank intoxicating liquor. Corporal Manion, the driver of the car, during the course of approximately one and three-quarter hours, drank not less than nine beers and five whiskeys. The evidence would indicate that it was more than this amount. George Stekovich was a voluntary member of the party throughout this entire time and fully aware that Corporal Manion was not fit to drive an automobile when they left Hershey, Pennsylvania, with the intention of going to Steelton, Pennsylvania.

Near the outskirts of Hershey, Corporal Manion, driving the vehicle at approximately 45–50 miles per hour in a 35 mile per hour zone, collided with the center pier of a railroad underpass. Both George Stekovich and Corporal Manion were killed. I therefore conclude that Corporal Manion's negligence caused the accident, that his negligence was brought about by the drinks which he had taken during the approximately one and three-quarter hour period immediately prior to the accident, and that George Stekovich, fully aware of Cor-

poral Manion's drinking at the time he re-entered the car at Hershey, Pennsylvania, assumed the risk. I further find that the trip was a personal pleasure trip and Corporal Manion was without any authority to operate the vehicle at either the time, the place, or for the purpose of the trip. No governmental function whatsoever was involved in this trip.

### Discussion

■ Where a passenger accompanies the driver of an automobile, knowing of the driver's drinking, and is injured through negligence of the driver, brought about by the alcohol he has taken, such passenger assumes the risk of voluntarily riding with him.[2] There is however, in the instant case, a more fundamental reason why plaintiff may not recover. The action is against the United States as the owner of the Staff car involved in the accident. The facts parallel those in Tucker v. United States, D.C.Alaska, 91 F.Supp. 527, 528. In that case the plaintiff was accidentally injured while riding on a speeder owned by the Alaska Railroad, an instrumentality of the United States. One Oulette was employed by the railroad as a speeder operator on the section of the railroad where the accident occurred,[3] and had access to the speeder but had no right to operate it except pursuant to orders from an official superior. At the time of the accident however, he was using it for his own purposes and in contravention of orders. The Court, declining recovery, points out the applicable sections of the Restatement of the Law of Agency, namely:

"Sec. 235. An act of a servant is not within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed. * * *

"Sec. 238. A master is liable for harm caused by the use of instrumentalities en-

2. Weber v. Eaton, 82 U.S.App.D.C. 66, 160 F.2d 577; Huddy Encyclopedia of Automobile Law, Vol. 5–6, § 143, page 261; Cassidy v. Evans, 1942, 343 Pa. 483, 23 A.2d 449.

3. In the present case the accident occurred near Hershey, Pa., which is not even on the route between Middletown and Harrisburg.

trusted by him to a servant only if they are used within the scope of employment."[4]

Where, as in the present case, the operator of the vehicle was not acting within the scope of his employment, nor on any mission with which the United States was in anywise connected or had any interest, the United States cannot be held liable for the death of a passenger in the vehicle. Greenwood v. United States, D.C.W.D.Ky., 97 F.Supp. 996; Parrish v. United States, D.C. M.D.Ga., 95 F.Supp. 80.

The Pennsylvania Supreme Court has held that the use of a business vehicle is presumed to be for its owner. This is a rebuttable presumption, the effect of which is to shift the burden of proof to the owner on this one question. Double v. Myers, 1931, 305 Pa. 266, 157 A. 610; Laubach v. Colley, 1925, 283 Pa. 366, 129 A. 88. The United States has fully met and rebutted this presumption. There is no question but that Corporal Manion was operating the vehicle beyond the scope of his authority, and on a pleasure trip in no way connected with the business of the defendant.

### Conclusions of Law

1. Jurisdiction is vested in this Court by virtue of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

2. George Stekovich assumed the risk of travelling in the automobile at the time of the accident.

3. At the time of the accident, Corporal Manion was operating the automobile beyond the scope of his authority and on business other than that of the United States.

4. The plaintiff cannot recover damages from the United States for the death of George Stekovich.

Judgment will accordingly be entered for the defendant.

---

4. The law of Pennsylvania is in accord. See Pennsylvania annotations to above sections.