**Reedy v. Brown**

*Norman S. Faulk* and *George J. Barco*, for plaintiff.
*John D. Ray*, for defendant.

Sohn, J., July 15, 1958.—Plaintiff, administratrix of her deceased husband's estate, brought a survival action and a wrongful death action against defendant. The cases was tried before a jury and a verdict was returned in favor of defendant. The jury in its verdict found decedent guilty of contributory negligence.

James C. Reedy, decedent, and Robert E. Brown, defendant, were employed on a construction job at Vanport, in Beaver County. On Monday, May 23, 1955, defendant arose about 5 a.m. and drove from his home in New Castle to Vanport. Reedy arose about 4 a.m. and drove from his home in Rimersburg to Vanport. Both men worked on a construction job until about noon, at which time their work for the day was terminated because of the fall of rain. Reedy accepted Brown's invitation to ride with him to Burgettstown. Brown was taking his automobile to the garage of Mr. Nap, a brother-in-law, from whom Brown had purchased the automobile. The purpose of the trip was to have some repair work done to the automobile. Sometime after two in the afternoon, the men arrived in Burgettstown, and after leaving the automobile at the garage, the men went to a restaurant for lunch. Thereafter they returned to the garage, but the automobile repairs had not been completed. Reedy and Brown went to Mr. Nap's apartment above the garage and drank wine for about an hour. Thereafter the men went to Lounders Grill and drank beer for a period of at least an hour. Upon returning to the garage they waited "a while" and left the garage after 6 p.m. Before leaving Burgettstown, they went to the Clark Hotel about 7 p.m. and each man had two or more bot-

tles of beer. Upon leaving the hotel about an hour later, they took six bottles of beer to the automobile. Both men were staggering at the Clark Hotel, and Brown staggered into the side of the door as he was leaving the hotel.

On the return trip, Brown was driving and Reedy was sitting in the front seat beside him. Brown's vehicle was traveling at least 60 miles per hour. About five miles from Burgettstown, Reedy fell asleep. At trial, Brown had no recollection of the trip from Burgettstown except that he fell asleep and was involved in an accident.

The cause of the accident, according to the testimony of persons in another vehicle involved in the collision, is that Brown's automobile crossed the center line of the highway and collided with the other vehicle. Reedy died as a result of injuries sustained in the collision.

Plaintiff's theory as stated in the pleadings and as presented to the jury is that Brown was negligent. As to this there was no factual issue at trial. Defendant's theory is that Brown was intoxicated when Reedy got in the automobile in Burgettstown, and consequently he was contributorily negligent and if so, there could be no recovery. The jury concluded that Reedy was contributorily negligent.

Plaintiff moved for a new trial, and in support of the motion alleges that the verdict is against the evidence, the weight of the evidence, the law and the charge of the court. Complaint is made specifically to the testimony as to evidence of intoxication of Brown given by Joseph J. Valent, a trooper of the Pennsylvania State Police, and Dr. A. W. Cully, a physician.

If the evidence reasonably establishes a degree of intoxication which proves unfitness to drive, evidence of drinking intoxicants is admissible: Fisher v. Dye, 386 Pa. 141. Plaintiff does not contend otherwise. How-

ever we do not understand this rule to require that every witness must so testify. The rule refers to the evidence. We understand that to mean the evidence in the testimony offered. It is not necessary that every witness so testify. The requirement is met if it can be factually concluded, from all the evidence as to drinking intoxicants and intoxication, that unfitness to drive is established to the satisfaction of the jury. In this case under instructions, about which no complaint is made, the jury reached the conclusion that plaintiff's decedent was negligent. In Stekovich v. United States, 102 F. Supp. 925, Judge Follmer said:

"George Stekovich joined the party at the first cafe visited in Steelton. There ensued a tour of cafes at Steelton and Hershey, during which the members of the party drank intoxicating liquor. Corporal Manion, the driver of the car, during the course of approximately one and three-quarters hours, drank not less than nine beers and five whiskeys. The evidence would indicate that it was more than this amount. George Stekovich was a voluntary member of the party throughout this entire time and fully aware that Corporal Manion was not fit to drive an automobile when they left Hershey, Pennsylvania, with the intention of going to Steelton, Pennsylvania.

"Near the outskirts of Hershey, Corporal Manion, driving the vehicle at approximately 45-50 miles per hour in a 35 mile per hour zone, collided with the center pier of a railroad underpass. Both George Stekovich and Corporal Manion were killed. I therefore conclude that Corporal Manion's negligence caused the accident, that his negligence was brought about by the drinks which he had taken during the approximately one and three-quarter hour period immediately prior to the accident, and that George Stekovich, fully aware of Corporal Manion's drinking at the time he re-en-

tered the car at Hershey, Pennsylvania, assumed the risk."

In Weber v. Eaton, 160 F. 2d 577, Associate Justice Miller said:

"All authorities would agree that if Mrs Eaton accompanied Weber when she knew of his drinking and was injured through negligence on his part brought about by the alcohol he had taken, she assumed the risk when she voluntarily rode with him. It was error not to instruct the jury to that effect."

In Cassidy v. Evans, 343 Pa. 483, Mr. Chief Justice Schaffer, in affirming judgment for defendant in a similar situation, said:

"In the light of this disinterested testimony, there was ample warrant for the jury to find that drunkenness was the cause of the accident, and that plaintiff, in putting himself in the hands of defendant, as driver of the car, took the risk of his condition, and was not entitled to recover. The case is very different from Marcu v. Gottlieb, 302 Pa. 398, 153 A. 719, cited by appellant, in which Chief Justice Frazer pointed out that the trial judge had discredited the case in the eyes of the jury when nothing appeared in the testimony to warrant his so doing. Here the witnesses who had no interest in the cause, furnished the proof that the accident came about through intoxication and furnished the ground for the fair and reasonable inference that plaintiff should have known that defendant was unfit to drive the automobile."

Counsel for plaintiff argues that much of the testimony of defendant is different from previous statements made by him. This presents a question of credibility. Unless there is specific error at the trial, another jury would be required to pass again on the same questions of credibility. Plaintiff called defendant on cross-examination and is bound by such of defendant's testimony which is not contradicted by other evidence.

Trooper Valent, after stating the extent of his observation of defendant, expressed the opinion that defendant was under the influence and his ability was impaired to such a degree that he was unable to control his car. The other answers and qualifications and contradictions in his testimony were to be weighed by the jury. Complaint is made that the officer testified from a report of defendant's condition prepared by Dr. Culley. The only testimony of officer Valent given from the report was the time of the examination by Dr. Culley. This evidence was not of such importance as to justify the granting of a new trial

Plaintiff contends that the examination of defendant by Dr. Culley was at a time too far removed from the pertinent issue to permit the evidence to be submitted to the jury. Defendant and Reedy got into the automobile about 8 p.m. After the accident, defendant was taken to the hospital and examined by Dr. Culley about 10:45 p.m. The elapsed time raised a question for consideration by the jury.

We are of the opinion that Dr. Culley's testimony was properly received to be given such weight as the jury saw fit, together with the other evidence of drinking and defendant's condition before he left Burgettstown. The fact that considerable time elapsed before defendant was examined by Dr. Culley affects the weight of his testimony rather than its admissibility.

Since we conclude that the testimony of Valent and Dr. Culley was properly received in evidence, a new trial would result only in plaintiff having an opportunity to have another jury pass upon the facts. A party is entitled to have his case heard and determined only once on the facts, and the law applicable thereto: First National Bank of Birmingham v. Fidelity Title & Trust Company, 251 Pa. 536.

We are of the opinion that the verdict is not against

500

the weight of the evidence. We conclude that a new trial should not be granted.

### Order

And now, to wit, July 15, 1959, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that plaintiff's motion for a new trial be, and it is hereby overruled. Upon payment of the jury fee, the prothonotary is directed to enter judgment on the verdict.