Donald L. BAUER, as Trustee for the next of kin of Arlene M. Bauer, Deceased, Appellant,

v.

Thomas Ronald MARKOVICH, et al., Defendants,

Kenneth K. Dahl Contracting, Inc. d/b/a Kenneth Dahl Contracting, Respondent.

No. C4–91–1342.

Court of Appeals of Minnesota.

May 5, 1992.

Gary L. Kujawski, Stevens Law Offices, Roseville, for appellant.

John M. Kennedy, Jr., Roger L. Kramer, Jardine, Logan & O'Brien, St. Paul, for respondent.

Considered and decided by SHORT, P.J., and HUSPENI and MULALLY,* JJ.

## OPINION

SHORT, Judge.

This wrongful death case involves the question of whether an employer is vicariously liable for an automobile accident caused when an employee lost control of his automobile due to his injection of cocaine. A jury found the driver was not acting within the scope and course of his employment at the time of the accident, and the trial court denied all post-trial mo-

tions. On appeal, the estate of the victim argues the trial court erred in instructing the jury on the employee's deviation from the scope of employment. We disagree and affirm.

## FACTS

Thomas Markovich (driver) was employed by Kenneth Dahl Contracting, Inc. (employer) as a carpenter. In March 1988 the driver was instructed to go to a company job site to open the tool box and to deliver pay checks to the workers. En route the driver's truck spun out of control, jumped the median, and struck a car driven by the victim, Arlene Bauer.

After the accident, the police found two syringes in the driver's truck. An empty one was found in the glove compartment, and another partially-filled syringe was on the floor under the driver's injured body. Later, the fluid from the syringe was identified by a police chemist as cocaine. An analysis of the driver's blood indicated he had recently injected himself with cocaine.

The driver admitted negligence and settled with the victim's estate. This case was brought by the estate against the employer.

## ISSUE

Did the trial court properly instruct the jury on the law of course and scope of employment?

## ANALYSIS

■ A trial court is allowed considerable latitude in selection of language in the jury charge. *Alholm v. Wilt,* 394 N.W.2d 488, 490 (Minn.1986). An instruction must be read as a whole, keeping in mind the evidence in the case, to determine whether it constitutes error. *Lindstrom v. Yellow Taxi Co.,* 298 Minn. 224, 229, 214 N.W.2d 672, 676 (1974). If the charge to the jury as a whole represents the law on the issues involved, reversal is not appropriate simply because the objecting litigant prefers other

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

pursuant to Minn. Const. art. VI, § 2.

language. *See Seivert v. Bass*, 288 Minn. 457, 467, 181 N.W.2d 888, 894 (1970).

■ The trial court gave two instructions regarding the course and scope of employment.

An employee is acting within the scope of his employment when performing services for which the employee has been employed, while doing anything which is reasonably incidental to the employment. The test is not necessarily whether the specific conduct was expressly authorized or forbidden by the employer, but rather whether such conduct should have been foreseen from the nature of the employment and the duties relating to it, and was brought about at least in part by the desire to serve the employer.

An employee may deviate or depart from the scope of employment in three ways: in time, in space and in purpose, or any combination of these three elements. If there is a substantial departure or deviation from the scope of employment by the employee in space or in time or in purpose, the employee is not within the scope of his employment during such substantial departure or deviation. But where the deviation is only slight or incidental, or if the deviation has ended and the employee is again pursuing the duties of his employment, he is within the scope of his employment.

The estate timely objected to the second instruction on an employee's deviation from the course and scope of employment. The estate argues no separate instruction should have been given. We disagree. The evidence was sufficient to warrant an instruction on the driver's possible deviation from his job duties. The record demonstrates the driver (a) was told by his employer to report to the job site immediately, (b) injected cocaine minutes before the accident, and (c) lost control of his car due to his injection of cocaine. In addition, there was evidence at trial which suggests the driver did not take the most direct route to the job site and might have made a personal stop on the way. Under these facts, a separate instruction on possible deviation from course and scope of employment was appropriate.

■ In the alternative, the estate argues the trial court should have instructed the jury that an employee must totally deviate from his employment in order to take himself out of the course and scope of his employment. *See Reliance Ins. Co. v. Stack*, 289 N.W.2d 71, 75 (Minn.1979). We disagree. Under the doctrine of vicarious liability, an employer who benefits from acts of its employee is held responsible to innocent third parties injured by those acts. *See Laurie v. Mueller*, 248 Minn. 1, 4, 78 N.W.2d 434, 437 (1956). Thus, the question is whether the driver was acting on behalf of the employer when he drove out of control and killed the victim. The holding and language in the *Reliance* case is not instructive because that case involved an agency question arising from the employer's consent for an employee to use a vehicle rather than a finding that the employee was acting within the scope of employment. *See Reliance*, 289 N.W.2d at 74–75.

■ The instruction in this case stated a substantial deviation from employment in time, space, or purpose was necessary to negate the employer's liability. The trial court clearly explained to the jury the employer was liable if the driver's deviation was incidental or had ended and the driver was again pursuing his employment duties. The charge taken as a whole accurately represents the law on scope of employment. Reversal is inappropriate simply because the estate prefers other language. *See Seivert*, 288 Minn. at 467, 181 N.W.2d at 894.

## DECISION

The evidence was sufficient to warrant an instruction on the driver's deviation from the scope of his employment. In addition, an employer is not vicariously liable for acts committed by an employee who substantially deviates from the scope of employment in time, space, or purpose.

Affirmed.