**Bernard WALKER, Appellant,**

v.

**SCOTT COUNTY, Respondent.**

**No. C9-94-10.**

Court of Appeals of Minnesota.

June 21, 1994.

Review Denied Aug. 24, 1994.

Steven R. Peloquin, Perham, for appellant.

Scott T. Anderson, Ratwik, Roszak, Bergstrom & Maloney, P.A., Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and KALITOWSKI and AMUNDSON, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Bernard Walker seeks review of the district court's grant of summary judgment in favor of respondent Scott County. He contends the district court erred in concluding that: (1) the Minnesota Government Data Practices Act does not apply where Walker's criminal records were obtained by a county deputy sheriff outside the scope of his employment; and (2) Walker's criminal records, which were obtained from foreign jurisdictions, are not private "criminal history data" protected by the Minnesota Government Data Practices Act.

## FACTS

Walker was involved in civil litigation against Carroll Buchan over a boundary dispute. Carroll Buchan is the father of Scott County Deputy Sheriff Donald Buchan. Scott County is Donald Buchan's employer.

In March 1990, Donald Buchan used the computer system in the Scott County Sheriff's Department to obtain Walker's criminal records from the Fargo, North Dakota Police Department and from the Federal Bureau of Investigation. Donald Buchan sent the information to his father, who then disseminated it to at least one other person.

Scott County neither created nor maintained a file on Walker and has never conducted a criminal investigation of him. Moreover, Scott County did not authorize Donald Buchan to obtain the information on Walker. Because Donald Buchan's conduct violated Scott County's policy prohibiting employees from using the computer system for personal or non-county business, Buchan was suspended for one day without pay.

Walker's amended complaint alleged that Scott County violated his rights under the Minnesota Government Data Practices Act (Data Practices Act). The district court granted Scott County's motion for summary judgment and this appeal followed.

## ISSUES

1. Did the district court err in concluding that Scott County has no liability under the Data Practices Act because Walker's criminal records were obtained by Buchan outside the scope of his employment?

2. Did the district court err in concluding that because Walker's criminal records were obtained from foreign jurisdictions, the records are not private "criminal history data" protected by the Data Practices Act?

## ANALYSIS

■ On appeal from summary judgment, we must determine: (1) whether there are any genuine issues of material fact, and (2) whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Where, as here, the material facts are not in dispute, we need not defer to the district court's application of the law. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989). Statutory construction is a question of law that we review de novo. *Hibbing Educ. Ass'n v. Public Employment*

*Relations Bd.,* 369 N.W.2d 527, 529 (Minn. 1985).

### I.

■ Walker contends the district court erred in concluding that the Data Practices Act does not apply because his criminal records were obtained by a governmental employee outside the scope of employment. We disagree.

The Data Practices Act applies only to "government data." *See* Minn.Stat. § 13.03 (1992). The Data Practices Act defines "government data" as

all data collected, created, received, maintained or disseminated by any state agency, political subdivision or statewide system regardless of its physical form, storage media or conditions of use.

Minn.Stat. § 13.02, subd. 7 (1992). Because the data obtained by Buchan was disseminated through a statewide computer system, we conclude the data is "government data."

Under the Data Practices Act, however, civil actions for damages may only be brought against "a political subdivision, responsible authority, statewide system, or state agency which violates any provision of this chapter." Minn.Stat. § 13.08, subd. 1 (1992). Because the Data Practices Act does not impose civil liability on individuals, Walker must prove that Scott County violated a provision of the Data Practices Act. Accordingly, we must determine whether Scott County should be liable for Buchan's actions.

■ To impose liability on an employer, the employee must have acted within the scope of employment. *Lange v. National Biscuit Co.,* 297 Minn. 399, 401, 211 N.W.2d 783, 784 (1973). An employee acts within the scope of employment unless that employee "totally deviates from his employment for purposes that are entirely personal." *Reliance Ins. v. Stack,* 289 N.W.2d 71, 75 (Minn. 1979). Here, Walker admits that Donald Buchan used the data "for purposes not related to his Scott County employment." Moreover, Scott County did not benefit from Buchan's actions. *See Bauer v. Markovich,* 484 N.W.2d 437, 439 (Minn.App.1992) (liability may exist if employer benefitted from the

acts of its employees). We conclude that because Buchan's actions were not within the scope of his employment, Scott County did not violate the Data Practices Act.

## II.

 Walker contends the district court erred in concluding that Walker's criminal records are not private "criminal history data" protected by the Data Practices Act because the records were obtained from foreign jurisdictions. Because we have concluded Scott County did not violate the Data Practices Act, we need not address this issue. Even if we consider the merits of this argument, however, we conclude summary judgment was appropriate.

The Data Practices Act defines "criminal history data" as

> all data maintained in criminal history records compiled by the bureau of criminal apprehension and disseminated through the criminal justice information system, including, but not limited to fingerprints, photographs, identification data, arrest data, prosecution data, criminal court data, custody and supervision data.

Minn.Stat. § 13.87, subd. 1 (1992). All criminal history data "maintained" by agencies, political subdivisions and statewide systems is classified as private, unless the data falls within certain enumerated exceptions. Minn. Stat. § 13.87, subds. 2, 3.

We conclude Walker's criminal records are not "criminal history data" under the Data Practices Act. Walker's criminal records were neither compiled by the Bureau of Criminal Apprehension nor disseminated through the criminal justice information system. The legislature unambiguously defined "criminal history data" to include these requirements. We cannot accept Walker's argument that the legislature intended this definition to be merely descriptive. *See* Minn. Stat. § 645.16 (1992) (where the words of a law are unambiguous, the letter of the law shall not be disregarded). Moreover, "criminal history data" must be "maintained" by the political subdivision. *See* Minn.Stat. § 13.87, subd. 1. Because Scott County never "maintained" Walker's criminal records, the data is not "criminal history data" under the Data Practices Act.

## DECISION

The district court correctly held that: (1) the Data Practices Act does not apply where Walker's criminal records were obtained by a county deputy sheriff acting outside the scope of his employment; and (2) Walker's criminal records, which were obtained from foreign jurisdictions, are not private "criminal history data" protected by the Data Practices Act.

**Affirmed.**