**WESTERN NATIONAL MUTUAL IN-SURANCE COMPANY, A Minnesota Insurance Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civil No. 4–96–266(DSD/JMM).

United States District Court,
D. Minnesota,
Fourth Division.

April 15, 1997.

Brian A. Park, Gislason, Martin & Varpness, Edina, MN, for plaintiff.

David L. Lillehaug, United States Attorney, Mary Jo Madigan, Assistant United States Attorney, Minneapolis, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on the motion of the United States to dismiss for improper service of process, for lack of subject matter jurisdiction, or in the alternative, for summary judgment in their favor. Based on a review of the file, record and proceedings herein, the court grants the government's motion for summary judgment.

## BACKGROUND

On May 10, 1995, Minneapolis police officer and Special Deputy U.S. Marshal, James Scheu, was involved in a motor vehicle accident while picking up his daughter from the day care service. Scheu was a Minneapolis police officer assigned to the Minnesota Fugitive Task Force ("the Task Force"), a multijurisdictional task force comprised of federal, state and local law enforcement officers. As a member of the task force, Scheu was given the rank of Special Deputy U.S. Marshal and was issued an FBI vehicle to be used in the course of his work and to drive to and from his office. Under federal law, Scheu was prohibited from using the FBI car for personal purposes. Scheu claims that although he was aware of FBI agents in the past who had been suspended for the private use of their vehicles, he was never given any explicit instructions limiting his use of the FBI car.

On the day of the accident, Scheu called in sick and stayed home from work. Because his personal vehicle would not operate due to a faulty battery, Scheu drove the FBI car to get his child from the day care service. Scheu had used FBI cars outside of work on other occasions. Scheu had a part-time job providing security services to private businesses in addition to his work at the task force. Scheu was occasionally instructed to drive the FBI car to and from his part-time work in case he was paged by the Task Force. At the time of the accident, Scheu had his pager with him and was allegedly on-call despite having called in sick earlier that day.

The other motorist claimed $3,219.08 in property damage to her vehicle. The claim was ultimately paid by plaintiff, Western National Mutual Insurance Co. ("Western National"), as the insurer of Scheu's personally owned automobiles. Western National then initiated the present action against the United States as a subrogee under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* (1994). Western National claims that the United States is liable as Scheu's employer because Scheu was within the course of his employment. Western National also argues that the United States is liable under Minnesota's permissive use statute, which holds the owner of the motor vehicle liable for the acts committed by any person driving the vehicle with the consent of the owner. Minn.Stat. § 170.54 (1996).

The United States moves for summary judgment, arguing that Scheu was not within the course of his employment at the time of the accident, and that Minnesota's permissive use statute does not apply to the United States. For the reasons stated below, the motion for summary judgment is granted.

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91

L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material if its resolution affects the outcome of the case. There is a genuine of issue of fact if the evidence is such that it could be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Judgment is granted for the moving party if, under the governing law, there can be but one reasonable conclusion as to a jury's verdict. *Id.*

On a motion for summary judgment, all evidence and inferences are viewed in a light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). Nevertheless, the nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted for the defendant because a failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53.

## B. Waiver of Sovereign Immunity under the FTCA

The FTCA is a limited waiver of the sovereign immunity of the United States with respect to certain types of tort actions. Under the FTCA, the United States is liable, as a private person, for "injury or *loss* of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b) (1994). As a waiver of sovereign immunity, the FTCA is to be strictly construed and is not to be extended by implication. *See United States v. Nordic Village, Inc.,* 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). In particular, the FTCA does not apply in the absence of "negligent or wrongful acts or omissions" and does not cover state theories of strict or absolute liability. *Laird v. Nelms,* 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972).

The applicable law is the law of the state in which the alleged act or omission occurred. 28 U.S.C. § 1346(b). The scope of employment of a government employee is determined under the state's law of respondeat superior, or general principles of agency law. *Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); *Brown v. Armstrong,* 949 F.2d 1007, 1012 and n. 7 (8th Cir.1991).

## C. Scheu's Scope of Employment under Minnesota Law

■ The United States asserts that there are no genuine issues of material fact as to whether Scheu was acting outside the scope of his employment when he drove the FBI car to pick up his daughter from the day care service. The United States argues that Scheu was outside the scope of his employment and therefore, the United States is not liable.

■ The court applies Minnesota law to determine whether Scheu was acting within his scope of employment. Under Minnesota law, an employee's negligent act is within his scope of employment if "his conduct was, to some degree, in furtherance of the interests of his employer." *Edgewater Motels, Inc. v. Gatzke,* 277 N.W.2d 11, 15 (Minn.1979). If the negligent act was reasonably incidental to the employment, should have been foreseen by the employer, and was brought about at least in part by the desire to serve the employer, the employer is liable. *Bauer v. Markovich,* 484 N.W.2d 437, 439 (Minn.Ct. App.1992). On the other hand, if the employee deviates substantially from his employment for purposes that are entirely personal, the employer is not liable. *Id.* Other factors to be considered include whether the conduct is of the kind the employee is authorized to perform, and whether the act occurred substantially within the employer's authorized time and space restrictions. *Edgewater Motels,* 277 N.W.2d at 15. Generally, each determination must be made on its individual facts. *Id.*

By calling in sick and staying home on the day of the accident, Scheu removed himself and his activities from the scope of his employment. When Scheu drove the FBI vehi-

cle to pick up his daughter, he was pursuing purposes that were entirely personal, and was not furthering any interests of his employer. His conduct was also unauthorized, being prohibited by federal law. *See* 31 U.S.C. § 1344(a)(1); 5 C.F.R. 2635.101(b)(9). Although Scheu was on-call, on-call accessibility of an employee does not transform purely private activities at home into company business. *See e.g., Le Elder v. Rice,* 21 Cal.App.4th 1604, 26 Cal.Rptr.2d 749 (1994) (expressly rejecting a rule establishing 24–hour employer liability for on-call employees in a case where the employee had an automobile accident right after dropping off his children at school). Scheu's unauthorized, off-duty activities were not foreseeable or controllable by his employer, the United States. Therefore, the court concludes that the plaintiff has failed to present sufficient evidence from which a reasonable jury could find that Scheu was acting within the scope of his employment when he had the automobile accident.

### D. Liability under Minnesota's Permissive Use Statute

■ Western National also urges that the United States should be liable under Minnesota's permissive use statute, Minn.Stat. § 170.54. Minnesota's permissive use statute imposes liability on the owner of an automobile for acts committed by any person driving the automobile with the explicit or implicit consent of the owner. The court's application of the permissive use statute would hold the government strictly liable as the owner of the vehicle rather than vicariously liable as Scheu's employer. Section 1346(b) of the FTCA provides:

> "[T]he district courts ... shall have exclusive jurisdiction of all civil actions ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the*

*scope of his office or employment,* under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 1346(b) (emphasis added). The court concludes that plaintiff's theory of liability is beyond the scope of the limited waiver of sovereign immunity of the FICA, and hence cannot be the basis of a claim under the FTCA. *See Rodriguez v. United States,* 328 F.Supp. 1389 (D.P.R.1971), *aff'd,* 455 F.2d 940 (1st Cir.1972) (rejecting FTCA claim based on Puerto Rico's permissive use statute); *Craine v. United States,* 722 F.2d 1523 (11th Cir.1984); *but see Clemens v. United States,* 88 F.Supp. 971 (D.Minn. 1950)[1]; *Essig v. United States,* 675 F.Supp. 84 (E.D.N.Y.1987). To determine otherwise would be inconsistent with the statutory language of the FTCA. Therefore, as a matter of law, the United States is not liable for Scheu's actions under Minnesota's permissive use statute.

### CONCLUSION

Based upon a review of the file, record, and proceedings herein, the court concludes, when taking the facts in a light most favorable to plaintiff, that plaintiff has failed to provide sufficient evidence from which a reasonable jury could find that Scheu was acting within the scope of his employment at the time of the accident. Furthermore, the defendant United States is not liable for Scheu's actions under Minnesota's permissive use statute because such liability would exceed the limited waiver of sovereign immunity provided for under the FTCA. Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment is granted. Plaintiff's action is dismissed with prejudice.

---

1. The court is unpersuaded by Western National's reliance on *Clemens v. United States,* 88 F.Supp. 971 (D.Minn.1950). *Clemens* stated that Minnesota's permissive use statute expanded the doctrine of respondeat superior. *Id.* at 973. The *Clemens* court did not have the benefit of later state court decisions which clarify that the permissive use statute does not disturb the notion of scope of employment. *See Reliance Ins. Co. v. Stack,* 289 N.W.2d 71, 74–75 (Minn.1979). Rather, the statute holds employers liable in their role as owners. *Id.* Because the FTCA waives liability for the government as an employer only and not as an owner, the FTCA does not encompass liability for the United States under the permissive use statute.

**LET JUDGMENT BE ENTERED AC-CORDINGLY**